THE STATE v. JOHN L. McCORD, Appellant.

Division Two, December 10, 1907.

1. **LOCAL OPTION LAW: Qualified Voters: Petition.** The petition is as much a part of the record as the order of the county court submitting the question of local option to the voters; and, therefore, in determining whether the petitioners were qualified voters, the petition, together with all other parts of the record, should be considered.

2. ——: ——: **Question for County Court.** The county court, upon the presentation of a petition praying that the proposition for the adoption of the Local Option Law be submitted to the qualified voters of the county, has jurisdiction of the matter, and has the right to determine whether or not the petitioners are legal voters. But it is not essential that the court's jurisdiction be made to appear from any particular part of the record.

3. ——: ——: **And Taxpayers.** The statute says that "upon application by petition, signed by one-tenth of the qualified voters," etc., the county court shall order an election to be held on the adoption of the Local Option Law. The petition recited, "We, the undersigned legal voters in said Christian county," etc. And the county court found such petition to have been signed by "one-tenth of the qualified voters and taxpayers of Christian county," and that it appeared to the court "from the sworn testimony produced in open court . . . . that the required number of petitioners have signed and presented said petition for their consideration," etc. *Held*, that, the petition showing on its face that it was signed by legal voters and there being no showing to the contrary, the petitioners were

qualified voters and the judgment and order of the county court, ordering the election, was predicated upon a legal petition; nor did the mere fact that the words "and taxpayers" were made to follow the words "one-tenth of the qualified voters" in the order of submission, deprive the county court of its jurisdiction, for that jurisdiction had already attached, nor did it render that order void.

4. ———: ———: **Order Refers to Petition.** Where the order of the county court submitting the question of local option to the voters recites that the requisite number of petitioners have signed and presented said petition for the consideration of the court, said order has reference to the petition signed and presented by the persons who represented themselves therein as "legal voters," and none others.

5. ———: ———: **Jurisdiction: Collateral Attack.** Where a petition signed by the requisite number of legal voters is presented to the county court, praying for the submission of local option to the voters, the court acquires jurisdiction of the subject-matter, whether or not said petitioners are legal voters, and its proceedings thereafter with respect to the same question are not subject to collateral attack—such as an attack on the qualification of the petitioners by one who is charged with selling liquors in violation of the Local Option Law.

6. ———: **Petition: In Words of Statute.** It is not essential that the petition for a local option election be couched in the exact language of the statute; a substantial compliance therewith is sufficient. And, although the statute provides that the county court, after the reception of a petition, shall order an election to be held "to determine whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold," a petition "to submit to the voters of said county the proposition to vote on the question whether dramshop license shall not be granted in said county, commonly called local option, according to section 3027, Revised Statutes 1899, of the State of Missouri," is well enough, since no one signing it or voting at the election could have been misled by its infirmity.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Harrington & Long* and *G. A. Watson* for appellant.

(1) The petition filed with the county court was not sufficient to confer jurisdiction on said court to

make any order under section 3027, Revised Statutes 1899, as the prayer is to submit to the voters the question as to whether dramshop license shall be issued. This question cannot be voted on. (2) The finding of the court in its order for the election is fatally defective in that it finds that the signers of the petition constitute one-tenth of the voters and taxpayers of Christian county; section 3027 requires such petitions to be signed by one-tenth of the qualified voters of the county. For aught that appears from the finding of the court, many or all the signers are non-voting taxpayers, and may constitute one-tenth of both classes when combined, but the number of voters signing may fall far short of the required number. State ex rel. v. Bird, 108 Mo. App. 167. The said order is fatally defective as to the means by which the sufficiency of the petition was tested. The second proviso of section 3027 is as follows: ''Provided, that the county court shall determine the sufficiency of the petition presented by the poll books of the last previous general election.'' The sufficiency of this petition was, according to the order of the court, determined by the oral testimony of four witnesses. In the *nunc pro tunc* entry, the reference to the poll books is expressly excluded. ''There should have been, at least, a substantial compliance with the statute, as the adoption of the Local Option Law involved one of the most vexatious and grave questions of the times.'' State v. Baldwin, 109 Mo. App. 579.

*Herbert S. Hadley*, Attorney-General, *N. T. Gentry*, Assistant Attorney-General, *G. Purd Hays* and *Leonard Walker* for the State.

(1) The petition filed with the county court is sufficient to confer jurisdiction on the court. The question of dramshop license was not before the court that day, but the petitioners asked the court to allow the

qualified voters to vote on the question "commonly called Local Option according to section 3027 of the Revised Statutes of 1899 of the State of Missouri." That was the only question submitted to the voters at the election held on the 10th day of June, 1905. This court will take judicial notice that there is only one Local Option Law in this State. State v. Munch, 57 Mo. App. 207; State ex rel. v. St. Louis, 174 Mo. 125; City of Louisiana v. Anderson, 100 Mo. App. 341; State ex rel. v. Railroad, 105 Mo. App. 207; State ex rel. v. Huff, 105 Mo. App. 362; State ex rel. v. Weeks, 38 Mo. App. 566. (2) The findings of the county court cannot be attacked in a collateral proceeding, and the finding of the county court that one-tenth of the qualified voters had signed the petition is *res adjudicata* as far as the legal status of this defendant is concerned, and the mere silence of its record is not sufficient to overthrow its jurisdiction, but the presumption of right acting must be indulged until the contrary is shown in a direct proceeding brought to annul the judgment of the county court. State v. Searcy, 39 Mo. App. 393; State v. Dugan, 110 Mo. 145; State ex rel. v. Huff, 105 Mo. App. 361; State ex rel. v. Railroad, 105 Mo. App. 207; State v. Hutton, 39 Mo. App. 413; Hadley v. Bernero, 103 Mo. App. 549; State v. Evans, 83 Mo. 322; Macey v. Stark, 116 Mo. 494; Leonard v. Sparks, 117 Mo. 108; State v. Houts, 36 Mo. App. 271; Breman v. Maute, 108 Mo. App. 339; Hathaway v. Railroad, 94 Mo. App. 343. Whether the petition filed with the county court contained the one-tenth of the qualified voters of the county or not, is conclusive against this defendant, as it is a judicial finding, and is the record of a fact judicially determined. State v. Searcy, 39 Mo. App. 408; State v. Evans, 83 Mo. 322; State ex rel. v. Weatherby, 45 Mo. 17; Jefferies v. Wright, 51 Mo. 220; Johnson v. Beazley, 65 Mo. 250; Sims v. Gray, 66 Mo. 614; Fulkerson v. Daven-

port, 70 Mo. 546; Scott v. Crews, 72 Mo. 263; Gray v. Boles, 74 Mo. 423; Henry v. McKerlie, 78 Mo. 416; Mechem on Pub. Officers, sec. 219; In re Rothwell, 44 Mo. App. 215; State v. Prather, 41 Mo. App. 451. The sufficiency of the petition was not determined from oral testimony, but testimony was taken in open court as to the genuineness of signatures of the petitioners, and the presumption is the court did its duty in deciding that the petition was sufficient. State v. Searcy, 39 Mo. App. 393; State ex rel. v. Weeks, 38 Mo. App. 566; State v. Evans, 83 Mo. 322; Macey v. Stark, 116 Mo. 494; State ex rel. v. Huff, 105 Mo. App. 362.

BURGESS, J.—This case was certified to this court from the St. Louis Court of Appeals, upon a division of opinion in that court, a majority of the members thereof concurring in an opinion reversing the judgment of the circuit court, the other member dissenting. There is no controversy as to the facts, which are stated by Judge NORTONI substantially as follows:

The defendant was convicted on a charge of selling intoxicating liquors in violation of the Local Option Law, and, after unsuccessful motions for new trial and in arrest of judgment, appealed to the St. Louis Court of Appeals. The main question raised was as to the adoption of the Local Option Law in Christian county, the defendant maintaining that the Local Option Law is not in force in said county, in support of which contention he points to what he terms irregularities in the proceedings antecedent and leading up to the publication of notice declaring the same to have been adopted.

It appears that on the 4th day of May, 1905, a petition was presented to the county court of Christian county, praying that the proposition of adopting the Local Option Law be submitted to the voters of that county. The county court found such petition to have

been signed by "one-tenth of the qualified voters and taxpayers of Christian county, Missouri," and upon such finding ordered an election for July 10th, "to determine the proposition whether or not spirituous and intoxicating liquors, including wine and beer, should be sold" in that county. The election was held, a majority of the votes cast were found to be in favor of the adoption of the Local Option Law, and in due time the county court published the result, in compliance with section 3031, Revised Statutes 1899, thereby putting the provisions of the law in force.

The defendant contends that the judgment and order of the county court, of date May 4th, by which it submitted the proposition to adopt the law, is void for the reason that it is not predicated upon the petition of one-tenth of the qualified voters of such county, as required by section 3027, Revised Statutes 1899, which provides:

"Upon application by petition, signed by one-tenth of the qualified voters of any county who shall reside outside of the corporate limits of any city or town having, at the time of such petition, a population of twenty-five hundred inhabitants or more, who are qualified to vote for members of the Legislature, in any county in this State, the county court of such county shall order an election to be held in such county at the usual voting precincts for holding any general election for State officers, to take place within forty days after the reception of such petition, to determine whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold within the limits of such county lying outside of such corporate limits of such city or town."

The petition to the county court for the submission of the question of local option to the qualified voters of the county is in substantial compliance with the requirements of the statute. It recites: "We, the under-

signed legal voters in said Christian county, do hereby petition your honorable body to submit to the voters of said Christian county the proposition to vote on the question whether dramshop license shall not be granted in said county, commonly called local option, according to section 3027, Revised Statutes 1899, of the State of Missouri.''

Upon the presentation of this petition, as stated before, the county court found that it was signed by ''one-tenth of the qualified voters *and taxpayers* of Christian county;'' but the order of the court further recited that it appeared to the court ''from the sworn testimony produced in open court by Rev. W. H. Son, J. A. Wasson and S. D. Wells and William McVeigh that the *required number of petitioners* have signed and presented said petition for their consideration,'' etc.

The question, then, is, were the petitioners qualified voters of the county? In determining this question we must not ignore the petition, nor any part of the record, but consider all together. The petition is as much a part of the record as the order submitting the question of local option to the voters, and is an indispensable prerequisite to the making of the order. It says, ''We, the undersigned legal voters,'' etc., and the order of submission recites that the petition prayed the court to make an order submitting to the *qualified voters* of said county an election to determine whether or not spirituous liquors should be sold, and, further, that the requisite number of petitioners had signed and presented said petition.

It will be observed that the only petition presented to the court shows upon its face that it was signed by legal voters, and there is no showing to the contrary. It was only upon a petition signed by one-tenth of the legal voters of the county that the court was authorized to submit the question of local option

to the qualified voters of the county, and the court hav-
ing jurisdiction of the matter had the right to deter-
mine whether the petitioners were legal voters or not.
Having so decided, its judgment cannot be attacked
collaterally. The mere fact that the words "and tax-
payers" follow the words "one-tenth of the qualified
voters" in the order of submission, did not deprive
the court of its jurisdiction, it having already attached,
and did not, in our opinion, render the order void.
Besides, where the order of submission recites that
the requisite number of petitioners had signed and
presented said petition for the consideration of the
court, it has reference to the petition signed and pre-
sented by the persons who represented themselves
therein as legal voters, and none others. It is not
essential that such jurisdiction should appear from any
particular part of the record. [State v. Schneider,
47 Mo. App. 669.] In determining this question in
the case in hand, the petition and order should be taken
together, because they constitute but one record, and
it is sufficient if jurisdiction appears from the entire
record. [Sappington v. Lenz, 53 Mo. App. 44; Adams
v. Cowles, 95 Mo. 501; Sutton v. Cole, 155 Mo. 206.]
To our minds, it is clear that the question was fairly
submitted to the legal voters in the county; that "tax-
payers" not legal voters did not, so far as the record
discloses, sign the petition or vote at the election, and
that the words "and taxpayers" were inadvertently,
and without authority, inserted in said order of sub-
mission.

When the petition was presented to the county
court by the requisite number of legal voters of the
county, asking said court to submit to the voters of
said county the proposition to vote on the question
whether or not spirituous and intoxicating liquors
should be sold in the county, it acquired jurisdiction
of the subject-matter of controversy and of the peti-

tioners, and the validity of its proceedings thereafter with respect to the same matter is not subject to collateral attack, as is sought to be done in this case.

As the petition presented to the county court on which the order for the local option election was based petitioned the court ''to submit to the voters of said county the proposition to vote on the question whether dramshop license shall not be granted in said county, commonly called local option, according to section 3027, Revised Statutes 1899, of the State of Missouri,'' while said section provides that the county court, after the reception of the petition, shall order an election to be held ''to determine whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold,'' it is claimed by defendant that the petition in question was insufficient to authorize the court to take jurisdiction of the matter, and make the order for election. While the petition is not couched in the exact language of the statute, we think it a substantial compliance therewith, and when considered in connection with the words ''commonly called local option, according to section 3027, Revised Statutes 1899, of the State of Missouri,'' which words form part of the petition, it seems well enough. Certainly, no one signing the petition or voting at the election could have been misled by its informality. As was said by SMITH, P. J., speaking for the court, in State ex rel. Church v. Weeks, 38 Mo. App. l. c. 573, ''If it appeared by the petition of the requisite number of the qualified voters that such was their will, that fact would authorize the exercise of the jurisdiction, no difference what the form of the petition may be. . . . When proceedings under the Local Option statute are drawn in question as for sufficiency, we are not disposed to invoke the application of the strict rules of construction by which are usually tested proceedings for the condemnation of private

property for public use." [State v. Smith, 38 Mo. App. 618.]

Our conclusion is that the petition was a sufficient compliance with the requirements of the statute to justify the making of the order for the election.

For these considerations the judgment of the circuit court is affirmed.

All concur.