# THE STATE v. J. T. HARP and VERNER GIBSON, Appellants.

### Division Two, March 17, 1908.

1. **LOCAL OPTION: Affidavit of Publisher.** An objection to the certificate of the publisher of the newspaper in which was published the notice of the result of a local option election, made for the first time in the appellate court, comes too late. The objection in this case was that the word "Sept." instead of October was inserted opposite the second date of the publication, and it is *held*, that this was a mere inadvertence, and had such objection been made at the trial other evidence could readily have been introduced to show the clerical mistake.

2. ————: ————: **Clerical Mistake.** Where the local option election was held on September 15th, and the county court met on October 4th and ordered that publication of the result of the election be made, and the publisher's certificate recites that the publication was made for five weeks consecutively, the last insertion being on November 10th, but in the schedule of the dates on which it was inserted in the paper recites September 13 as the first date, the court will not ascribe to the county court or clerk such a nonsensical act as the publication of the result of an election two days before the election was held, but the insertion of the word "Sept." instead of October was a clerical error, and the trial court was justified in so holding, and no objection being made at the trial to the sufficiency of the certificate it will not on appeal be held insufficient.

3. ————: **Constitutionality.** The constitutionality of the Local Option Law is no longer an open question in this State.

4. ————: **Selling Through Club.** The evidence showed that, after the adoption of the Local Option Law in the county, the defendants were running what was known as an amusement company, in a clubhouse, consisting of two rooms, separated by a partition, in which was a door that was locked; that a witness bought a dollar's worth of coupons in the front room, knocked on the door, and was admitted into the inner room, in which there was located a regular bar, such as is ordinarily found in a dramshop; that both defendants and some other persons were in this back room, and that he presented his coupons and received beer therefor. *Held,* sufficient to sustain a verdict finding defendants guilty of a violation of the Local Option Law.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. W. Thornsberry* and *J. W. George* for appellants.

The Local Option Law is unconstitutional; it is not general, but local, both as to the rules of its adoption and in its effects on the general public. The proof offered by the State shows conclusively that the result of the election was never published as provided by statute. The notice was published twice in September and twice in November, and was never published for four consecutive weeks, as required in section 3031, Revised Statutes 1899. Under this statute local option did not take effect until the fourth publication of a notice published for four consecutive weeks, and they having assumed the burden of proving that local option had been legally adopted in Stone county, proved that it had not been so adopted. If the State had not proved this fact the defendants would have offered this testimony. State ex rel. v. Weeks, 38 Mo. App. 566; State v. Dugan, 110 Mo. 138; State ex rel. v. Tucker, 32 Mo. App. 632.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

(1)  The constitutionality of the Local Option Law has been sustained in the following cases:  State ex rel. v. Pond, 93 Mo. 606; State v. Handler, 178 Mo. 38; Ex parte Handler, 176 Mo. 383; Ex parte Swan, 96 Mo. 44; State v. Moore, 107 Mo. 78; State v. Dugan, 110 Mo. 138; State v. Watts, 111 Mo. 553; State v. Wingfield, 115 Mo. 428; State v. Searcy, 111 Mo. 236. (2)  The information is sufficient.  State v. Searcy, 39 Mo. App. 393; State v. Hutton, 39 Mo. App. 410; State v. Prather, 41 Mo. App. 451; R. S. 1899, secs. 3032, 3035; State v. Handler, 178 Mo. 38; State v. Dugan, 110 Mo. 138.   (3)  Neither the motion for new trial nor the motion in arrest filed by appellant raised any objection as to the sufficiency of the affidavit showing publication of the result of the election, and counsel is not now in position to take any advantage of any defect therein.  State v. Baker, 36 Mo. App. 63; Peck v. Chouteau, 91 Mo. 138.   (4)  The Crane Amusement Company was only a scheme to sell liquors in evasion of the Local Option Law.  State ex inf. v. Rose Hill Pastime Athletic Club, 121 Mo. App. 81; State ex inf. v. Kirkwood Social Athletic Club, 121 Mo. App. 87.

GANTT, J.—On September 10, 1906, the prosecuting attorney of Stone county filed an information, duly verified, against the defendants, charging that in September, 1906, at said county, they unlawfully sold and disposed of intoxicating and fermented liquors in violation of the Act of the General Assembly of Missouri, approved on the 5th day of April, 1887, commonly known as the "Local Option Law," being article 3 of chapter 22 of the Revised Statutes of 1899 of said State, which had been adopted and was in force within the county of Stone.

In due time the defendants were duly arraigned

and entered their plea of not guilty. A jury was waived and the cause was tried to the court at the October term, 1906, and they were found guilty and their fine assessed at three hundred dollars each. From that conviction they have appealed to this court. The only ground upon which this court has jurisdiction of the cause is that defendants challenge the constitutionality of the Local Option Law.

The evidence tended to show that along about the first of September, 1906, the defendants were running what was known as "The Crane Amusement Club," at the town of Crane in the county of Stone. A witness testified that he bought a dollar's worth of coupons from the defendants, for which he obtained beer. The club house consisted of two rooms with a partition about the middle. There was a door in the partition, which was locked, and the witness knocked on this door and was admitted into the inner room, in which there was located a regular bar, such as is ordinarily found in a bar room or dramshop. He found the two defendants and some others in this back room after he had been admitted; he presented his coupon and received beer therefor. Both the defendants were in there and were dispensing liquors to their customers.

The records of the county court of Stone county were offered in evidence by which it appeared that on August 7, 1905, a petition, signed by over one-tenth of the qualified voters of Stone county, was filed in the county court, praying for an election to determine whether or not intoxicating liquors should be sold in said county. An order was made by the court, in due form, directing that a special election be held on September 15, 1905, notice of the election to be given by publication in the "Crane Chronicle" for four consecutive weeks. This notice was in all respects regular and sufficient. Judges and clerks were duly appointed for the said election, and on the 18th day of Septem-

ber the county clerk called to his assistance two justices of the peace who examined and passed upon the returns of said election, from which it appeared that there were 414 votes for the sale of intoxicating liquors in said county and 766 votes against the sale of intoxicating liquors in said county, and there was a majority of 352 votes against the sale. A special term of the county court was duly called for October 4, 1905, at which the result of the election was reported to the court, and an order duly made that the result of said election be published in the "Crane Chronicle," the same newspaper in which the original notice of the special election had been published, for four consecutive weeks. It appeared from the affidavit of the publisher of this paper attached to a copy of the notice under the hand and seal of the clerk announcing the result of the said election, that he published it five consecutive weeks in said newspaper, the last insertion whereof was November 10, 1905. The only objection to the proof of the publication of this result interposed by the defendants' counsel, was that it was not ordered published by the county court or any body having authority so to do, which objection was overruled and exceptions saved. This objection was evidently without merit, because the record of the county court distinctly shows that notice of the result of said special election was ordered published in the "Crane Chronicle," a weekly newspaper published in said county and State, being the same newspaper in which the notice of said special election had been published. In this court for the first time the defendants attack the certificate of the publisher, on the ground that it did not show that the four insertions had been properly made, but no objection was made when this certificate and affidavit was offered in evidence, and it is too late to make it for the first time in this court. The objection is evidently based upon the fact that the word "Sept." is inserted

opposite the insertion of the second date of the publication, but the court evidently found that this was simply an inadvertence, and had such objection been made at the time, other evidence could readily have been introduced to have shown this clerical mistake.

The order of the court requiring notice of the result of the Local Option election held on September 15, 1905, to be published, was not made until October 4, 1905, and the first insertion was the 13th. We are not to ascribe to the court or clerk such a nonsensical act as the publication of the result of an election two days before it was held. Besides, when the affidavit of the printer is considered, that the publications were made five weeks consecutively, the last on November 10, 1905, the clerical mistake in using the word "Sept.," opposite the second insertion, becomes perfectly apparent and the court was fully justified in finding all the publications were made in October and November, 1905, and could not have been made in September. Had such an objection been called to the attention of the circuit court doubtless the files of the paper could have been produced and the proof of the notice fully established, notwithstanding the careless form of the affidavit.

As to the point raised as to the constitutionality of the Local Option Law, it must suffice to say that it has been held constitutional by this court in numerous cases, beginning with State ex rel. Maggard v. Pond, 93 Mo. 606, down to and including State v. Handler, 178 Mo. 38, and it is no longer an open question in this court.

It follows that there is no error in the record and the judgment is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.