THE STATE OF MISSOURI, Respondent, v. MORRIS CHRISTOPHER, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. DRAMSHOPS: Local Option: Selling Liquor: Evidence: General Reputation of Defendant. *Held*, the record shows that under the Local Option Law the sale of intoxicating liquor in Harrison county is prohibited and that there is sufficient evidence to warrant a conviction and that the evidence as to the general reputation of the defendant for selling liquor in his business as a druggist is admissible.

2. EVIDENCE: Witnesses: Contradiction: General Reputation. Where a witness is contradicted in the essential matters of his testimony the party offering him may introduce evidence as to his general reputation.

Appeal from Harrison Circuit Court.—*Hon. Joshua W. Alexander*, Special Judge.

AFFIRMED.

*J. C. Wilson*, for appellant, filed no briefs.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent.

(1)    The information, which was accompanied by the affidavit of the prosecuting attorney, is sufficient in form and substance. State v. Quinn, 170 Mo. 176, 94 Mo. App. 59; State v. McCord, 106 S. W. 27.    (2) The Local Option Law was regularly adopted by the qualified voters of Harrison county, prior to the sale

of the liquor in question, and the court properly instructed the jury to that effect. State v. McCord, 106 S. W. 27. (3) In his instructions, defendant asked the court to declare the Local Option Law unconstitutional, but his instructions were refused. This court has more than once held that the Local Option Law is constitutional. State v. Moore, 107 Mo. 81; Ex Parte Swann, 96 Mo. 44. (4) All of the evidence was admitted without objections, except in one instance. After the defendant had testified, the State was permitted, over defendant's objections, to prove that the defendant's general reputation for morality was bad. This was proper. State v. Shroyer, 104 Mo. 446; State v. Palmer, 88 Mo. 571; State v. Bulla, 89 Mo. 598.

JOHNSON, J.—On information of the prosecuting attorney of Harrison county, defendant was tried and convicted on the charge of selling intoxicating liquor in violation of the Local Option Law. An appeal was granted him to this court and afterwards, on his motion, the cause was transferred to the Supreme Court on the ground that it involved a constitutional question. That court found that no constitutional question is involved and retransferred the cause. [State v. Christopher, 212 Mo. 244.] No abstract, statement or brief is presented by defendant but a careful inspection of the record convinces us that the information was sufficient in form and substance (State v. Quinn, 170 Mo. 176; State v. McCord, 207 Mo. 519, 106 S. W. 27), that under the Local Option Law, the sale of intoxicating liquors in Harrison county was prohibited at the time of the offense charged (State v. McCord, supra; State v. Harp, 210 Mo. 254, 109 S. W. 578; State v. Oliphant, 128 Mo. App. 252); that the evidence adduced by the State is sufficient to support the conviction and that the instructions given the jury correctly declared the law. After defendant had testified in his own behalf, the State introduced witnesses

to impeach him. They were permitted to testify, over the objection of defendant, that he bore the general reputation in the town where he was engaged in the business of operating a drug store of selling liquor in violation of the Local Option Law. The evidence was admissible. [State v. Oliphant, supra.]

A detective employed and paid by the prosecuting attorney was the only witness who testified to the fact that an illegal sale was made by defendant, as charged in the information. His testimony was contradicted in all essential matters by that of defendant and his witnesses, some of whom testified that the detective had made statements out of court which contradicted his testimony in important particulars. The State then offered witnesses to prove that the general reputation of the detective for veracity was good. Defendant objected on the ground that "it is an attempt on the part of the State to bolster up the prosecuting witness' testimony and is, therefore, incompetent, and for the further reason there has no attack been made upon the general reputation of the prosecuting witness except in the way of showing he has made contradictory statements." The objection was properly overruled. In Berryman v. Cox, 73 Mo. App. 67, we held that where the character of a witness for truth is attacked by evidence showing that he had made statements of the matter out of court contradictory to his testimony, it is competent for the party who introduced him as a witness to give general evidence in support of his good character. We are satisfied with this rule and applying it, must hold that the evidence was competent.

The judgment is affirmed. All concur.