## STATE OF MISSOURI, Respondent, v. CHARLES PALMER, Appellant.

**Kansas City Court of Appeals, April 21, 1913.**

1. **LOCAL OPTION: Special Elections: Orders of Court.** The defendant was tried and convicted for selling liquor in violation of Art. 3, Ch. 63, R. S. 1909, commonly known as the Local Option Law. The county court ordered a special election to determine the question of local county option, and provided for the means for holding the election. The defendant contends that the order by the county court failed to state that the issue should be submitted to qualified voters; and, second that the demurrer to the evidence should have been sustained because he was merely an agent, and not the vendor. *Held*, that the cause was tried without prejudicial error, and the judgment is affirmed.

2. ————: ————: **Records.** When a special election is held under the order of the county court it is only essential that the record shows compliance with the requirements of the statute.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*Roy McKittrick* and *F. C. Sasse* for appellant.

*Roy W. Rucker* for respondent.

JOHNSON, J.—The defendant was indicted, tried and convicted in the circuit court of Chariton county for an alleged violation of article 3, chapter 63, Revised Statutes 1909, commonly known as the Local Option Law. The offense is alleged to have consisted of a sale of beer to the prosecuting witness J. W. Garrett, "on or about January 1, 1912, when said law was in full force and effect in said county."

The first point presented by defendant for a reversal of the judgment is that the court erred in overruling his objection to the introduction in evidence of

the record of the proceedings relating to the special election held in Chariton county, March 17, 1908, at which the issue of whether or not intoxicating liquors (including wine and beer) should be sold within the limits of the county was determined in favor of prohibition.

The part of the record attacked by the objection is the order of the county court for a special election. The statute provides (Sec. 7238, R. S. 1909) "the county court of such county shall order an election to be held in such county at the usual voting precincts for holding any general election . . . such election shall be conducted, the returns thereof made and the result thereof ascertained and determined in accordance in all respects with the laws of this State governing general elections for county officers . . . no one shall be entitled to vote who is a resident of any incorporated town having a population of twenty-five hundred inhabitants or more or who is not a qualified voter of such county."

The court ordered "that a special election be held in said county at the usual voting precincts at which general elections for State officers are held on the 17th day of March, 1908, to determine whether or not spirituous and intoxicating liquors, including wine and beer shall be sold within the limits of said county, and the tickets to be voted by the voters in said election shall have printed or written on them the words: 'For the sale of intoxicating liquors.' 'Against the sale of intoxicating liquors.' '(Erase the clause you do not want.)'

"It is further ordered that said election shall be conducted, the returns thereof made and the result thereof ascertained and determined according in all respects with the laws of this State governing general elections for county officers, and the result thereof shall be entered upon the records of this court and the

expenses shall be paid out of the county treasury as in case of the election of county officers.''

The point against the order is that it failed to state that the question at issue should be submitted to the qualified voters.

The statute does not require the order to contain such statement. It provides that none but qualified voters shall be allowed to vote at such special election and requires that an order for such election shall be made only on the filing of a petition therefor signed by one-tenth of the qualified voters of the county. It is essential that the record show compliance with these requirements (State v. McCord, 207 Mo. 519), and compliance with them does appear on the face of the record in evidence. The order for a special election to be conducted ''in accordance in all respects with the laws of this State'' in legal effect was an order for an election at which none but legally qualified voters would be allowed to participate as voters.

The next point argued by counsel for defendant is that the demurrer to the evidence offered by him should have been sustained on the ground that the evidence introduced by the State shows that the beer in question was purchased by the prosecuting witness Garrett of a liquor dealer in another county and that defendant merely acted as the agent of the witness in ordering the beer. The evidence of the State does not support such inference. The only conclusion to be drawn from it is that defendant was making surreptitious sales of intoxicating liquors in Chariton county in violation of the Local Option Law and that the sale in controversy was made in the course of that unlawful and secret business. Garrett paid him the price he demanded for a case of bottled beer and defendant had a beer dealer in Moberly fill the order. The transaction was not between Garrett and the Moberly dealer. They sustained no contractual relations. Defendant

was the vendor of the beer, Garrett the vendee, and the sale was made in Chariton county.

The case is not at all analogous to that determined by the Supreme Court in State v. Rosenberger, 212 Mo. l. c. 645. A careful inspection of the record convinces us that the cause was tried without the commission of prejudicial error and accordingly the judgment is affirmed.

All concur.