## STATE OF MISSOURI, Respondent, v. W. D. FITCH, Appellant.

### Springfield Court of Appeals, May 12, 1914.

1. **APPELLATE PRACTICE: No Brief Filed or Argument Made: Duty of Appellate Court.** It is incumbent on the appellate court to examine on appeal the record and ascertain whether there is any reversible error, although no argument was made in the case for either party nor brief submitted.

2. **CRIMINAL LAW: Violation of Local Option Law: Reputation of Defendant.** In a prosecution for a violation of the local option law it was proper to show the defendant's reputation for violating that law and inquiries directed to a time shortly prior to the date when the offense was charged to have been committed were proper.

Appeal from Greene County Circuit Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

ROBERTSON, P. J.—The defendant was convicted of violating the local option law and has appealed.

No argument has been made of this case in behalf of either party; neither has any brief been submitted. It is our duty, however, to examine the record carefully and ascertain if there is any reversible error in the case. It is made the duty of the prosecuting attorney, under section 1007, Revised Statutes of 1909, to appear here and aid us in the discharge of our duty in this behalf. This has not been done, although the above section authorizes the printing of briefs and records at the expense of the county.

The defendant complains in his motion for a new trial that the court erred in admitting testimony of three witnesses as to his general reputation for violating the local option law and not restricting the time of such testimony to the time of the trial. A witness for the State was asked, upon direct examination, whether or not he was acquainted with defendant's general reputation in the community where this offense was charged to have been committed for violating the local option law, and he stated that he was. This was objected to by the defendant unless restricted to the time of the trial and the objection was sustained. Then the prosecuting attorney asked the witness if he knew defendant's general reputation in this regard from January to March, 1913, to which the defendant objected because the time was not fixed as of the time of the trial. The objection was overruled, defendant excepted and the witness answered that he was and that it was bad.

The offense was charged to have been committed March 17, 1913. The trial was had August 19, 1913, and the defendant testified in his own behalf.

It is proper to show the reputation of the defendant in prosecutions of this character for violating the local option law. [State v. Oliphant, 128 Mo. App.

252, 107 S. W. 32; State v. Christopher, 134 Mo. App. 6, 114 S. W. 549.] There is no reason for holding that the court erred in not confining the testimony as to defendant's reputation in this regard to the date of the trial. The inquiries in behalf of the State were not allowed to extend to an unreasonably remote past; neither should they have been confined to the date of the trial. The inquiries were directed to a time shortly prior to the date when the offense was charged to have been committed and tended to characterize the defendant's conduct at that time.

The judgment is affirmed. *Sturgis* and *Farrington, JJ.,* concur.