STENNIS, et al. *v.* BOARD OF SUPERVISORS OF CLAY COUNTY

No. 40557 November 25, 1957 98 So. 2d 636

*Thos. J. Tubbs, B. H. Loving, A. M. Edwards, Jr., Lenore L. Prather,* West Point, for appellants.

*N. H. Malone, L. F. Sams,* West Point, for appellee.

ETHRIDGE, J.

Appellants are contesting the validity of a local option election held in Clay County, Mississippi, on November 6, 1956, which resulted in a majority vote in favor of excluding the transportation, storage, sale, distribution, receipt, and/or manufacture of beer and wine. On November 14, 1956, the board of supervisors received

and approved the report of the election commissioners, overruled objections, and thereby excluded traffic in beer and wine in that county.

██ ██ Appellants then petitioned for a writ of certiorari to review that order. Miss. Code 1942, Sections 1206, 1207. Review by certiorari is confined to an examination of the questions of law arising and appearing on the face of the record and proceedings before the board of supervisors. City of Pontotoc v. White, 93 So. 2d 852 (Miss. 1957). The circuit court quashed, vacated and dismissed the writ of certiorari and the appeal, and affirmed the orders of the board. This appeal is from that decision.

## I.

The election was held under Chapter 252, Miss. Laws of 1956, which became effective February 21, 1956. It provides:

"Section 1. Section 10208, Mississippi Code of 1942, be and the same is hereby amended to read as follows:

"10208. (a) Provided, that if any county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages, shall not be permitted in such county then the same shall not be permitted therein. Provided further, that an election to determine whether such transportation, storage, sale, distribution, receipt and/or manufacture of such beverages shall be excluded from any county in the state, shall on a petition of twenty per cent (20%) of the duly qualified electors of such county, be ordered by the board of supervisors thereof, for such county only; but no election on the question shall be held in any one county more often than once in five (5) years; provided, however, that in counties which have elected, or may elect by a majority vote of the duly qualified electors voting in the election, that the trans-

portation, storage, sale, distribution, receipt and/or man-
ufacture of wine or beer of an alcoholic content of not
more than four per cent (4%) by weight shall not be per-
mitted in said county, an election may be held in the same
manner as the election hereinabove provided on the ques-
tion of whether or not said transportation, storage, sale,
distribution, receipt and/or manufacture of said bev-
erages shall be permitted in such county, and such elec-
tion shall be ordered by the board of supervisors of such
county on a petition of twenty per cent (20%) of the duly
qualified electors of such county; but no election on this
question can be ordered more often than once in five (5)
years.

"(b) In any county which under the provisions of sub-
section (a) hereof has elected to prohibit the transporta-
tion, storage, sale, distribution, receipt and/or manu-
facture of such beverages in such county, any person
found possessing any beer or wine of any quantity what-
soever shall, on conviction, be imprisoned not more than
ninety (90) days or fined not more than five hundred
dollars ($500.00) or both such fine and imprisonment."

Miss. Code of 1942, Section 10208, which was first
enacted by Miss. Laws of 1934, Chapter 171, and which
was amended by the 1956 act, contained a provision that
nothing in the act shall prohibit the possession of wine
and beer for personal consumption. The 1956 amend-
ment eliminated that provision from the statute, and add-
ed for the first time the above-quoted subsection (b), to
the effect that, in a county which has held an election
under subsection (a) of the 1956 act, any person found
possessing beer or wine is guilty of a misdemeanor.

In Russell v. State, 94 So. 2d 916, (Miss. 1957), de-
fendant was convicted in a justice of the peace court of
Copiah County of the possession of two cans of beer for
personal consumption, under subsection (b) of the 1956
act. The only local option election held in Copiah County
had been under the old statute, Miss. Laws 1934, Chapter

171. Its result was to prohibit in Copiah County the transportation, storage, sale, distribution, receipt and/or manufacture of beer and light wine. That statute, the same as Code of 1942, Section 10208, prior to its amendment, expressly permitted possession for personal consumption. Hence in Russell it was held that subsection (b) of the 1956 act prohibits the possession of beer for personal consumption in only those dry counties which have held local option elections under the provisions of subsection (a) of the 1956 act, and since Copiah County had not held any election under the 1956 act, the defendant's conviction was erroneous. In other words, in Russell this Court expressly held that the 1956 statute made illegal the possession of beer in counties which have held local option elections under subsection (a) of that act.

## II.

■■■ The Clay County local option election involved in the instant case was held on November 6, 1956, under the provisions of Chapter 252, Laws of 1956. Appellants assert that it was invalid for a number of reasons. Two of them warrant some analysis and appraisal.

It is contended that the board of supervisors did not submit to the qualified electors a correctly stated proposition, and that the proposition presented was misleading and erroneous because it left off the word "possession." The proposition submitted on the ballots was as follows: "A proposition to exclude from Clay County, Mississippi, the transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer of alcoholic content of not more than four per centum (4%) by weight."

The notice of election, duly published, contained a similar statement.

Spencer v. Mayor and Board of Aldermen of Yazoo City, 215 Miss. 160, 60 So. 2d 562, 567 (1952), dealing with an election authorizing the issuance of revenue

bonds, held: ''The proposition submitted should comply with statutory requirements; be sufficiently definite to apprise the voters with substantial accuracy of what they are called upon to approve; and be submitted in such a way as to obtain a full and fair expression of the will of the voters on its merits. Within the limitations imposed by the foregoing requirements, the duty of determining the particular phraseology in which the question shall be submitted is cast upon the municipal authorities. It is sufficient if the question submitted to the electors is the question required by law to be submitted, or if there is a substantial compliance with statutory formalities; the Bonds cannot be held void because of a failure to submit some detail not required by law to be submitted.''

Certainly the proposition submitted to the voters of Clay County amply complied with these requirements. In fact, the proposition submitted was in the exact terms of subsection (a) of the 1956 statute.

 Appellants assert that it should have contained also, in addition to the six stated items of traffic in beer and wine, the word ''possession'', which would also be excluded under subsection (b) of the 1956 statute. But that is not what the statute says. The Legislature has plenary power to regulate and control traffic in intoxicating liquors of all kinds. It can also determine the issues to be submitted to the qualified voters in a local option election. The issues and the proposition, as determined by subsection (a) of Chapter 252, Laws of 1956, is whether to exclude ''the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages.'' That was the proposition which in fact was submitted.

The Legislature further decided that, in counties which have elected to exclude the six stated items of such traffic, the possession of beer is illegal automatically, and any person found possessing it therein is guilty of a misdemeanor. Russell v. State construed the effect of sub-

section (b) and decided that question. It was there held that subsection (b) prohibits the possession of beer and wine in dry counties which have held local option elections under the provisions of subsection (a) of the 1956 act.

██ ██ The Legislature could well have passed subsection (b) as an independent statute, but for purposes of convenience, it apparently elected to enact the same as a supplementary part of the local option statute itself. In other words, subsection (b) automatically makes illegal the possession of beer in any county which has voted to exclude the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages. Russell v. State, in defining the scope of that decision, expressly so held, and we think that the statute plainly provides for that effect.

Other courts have also construed similar statutes, in which the Legislature provided for a local option election on whether to exclude certain types of traffic in intoxicating liquors or beer and wine. Cf. Annotation, 21 Ann. Cas. 663 (1911); Fitch v. State, 1910, 58 Tex. Cr. R. 366, 127 S. W. 1040.; 48 C. J. S. Intoxicating Liquors, Section 59; 33 C. J., Intoxicating Liquors, Section 258; 30 Am. Jur., Intoxicating Liquors, Section 190. The statutes then provided that, in the event such traffic is excluded, other types of dealings in such beverages are made illegal as supplementary legislation. These decisions hold, as in Fitch v. State, supra, that, after the people have adopted local option, the Legislature is not denied the right to pass all needful legislation to make effective the law which has been adopted by the people.

Somewhat analogous is Moffett v. Board of Supervisors of Attala County, 181 Miss. 419, 179 So. 352 (1938), where the favorable local option election to exclude the transportation, storage, sale, etc. of beer and wine was held under Laws of 1934, Chapter 171, under which possession for personal consumption was permitted. However, the proposition voted on included the exclusion of

"possession", as well as transportation, storage, sale, etc. Appellants' contest was unsuccessful. The Court recognized that the 1934 act "only conferred the right to hold an election for the exclusion of the transportation, storage, sale, distribution, receipt and manufacture of such beverages." The statement of the proposition to be submitted under the 1934 law, containing only the stated six types of traffic in such beverages, was the proper statement. The 1956 act states the same proposition which is to be submitted. However, it was said that the inclusion of the word "possession" in the proposition was harmless error, since it should have had a tendency to increase, rather than diminish, the vote against the exclusion. Moreover, the board's final order did not undertake to exclude possession, but, if it had done so, "it would have been ineffective to that extent."

Sparks v. Reddoch, 196 Miss. 609, 616-617, 18 So. 2d 450 (1954), involved also a local option election of the 1934 act. Appellants complained that the proposition as submitted did not state as an exception the possession for personal consumption. Citing Moffett, it was held, in effect, that the proposition was correctly stated, since the permission of possession for personal consumption under the 1934 act was not a part of the statutory statement of the proposition, and since the statutory permission of possession for personal consumption automatically resulted from a local option election excluding transportation, storage, sale, etc.

Moffett and Sparks are strongly persuasive in favor of the decision in the instant case. They recognize the limited nature of the proposition to be voted on, and the independent statutory effect upon possession of beer and wine.

In brief, the proposition submitted to the qualified electors of Clay County was in the exact terms of the 1956 local option statute. The act did not require the statement of the proposition to include the word "possession".

So the correct proposition was submitted to the voters. Subsection (b) is, in effect, an independent statute, providing that, in counties which elect to exclude the six stated types of traffic in beer and wine, the possession of such beverages in illegal.

### III.

 Appellants further argue that the petitions for the election were jurisdictional, and they are insufficient, since they request an election under the wrong statute. The petitions to the board of supervisors, upon which the election was called, asked the board to call an election which would submit to the qualified electors "the proposition of whether or not wines and beer shall continue to be sold, transported, stored, distributed, received or manufactured in Clay County, Mississippi, all as is provided by Section 10208 of the Mississippi Code of 1942."

These petitions were necessarily based upon the existing statute, Laws of 1956, Chapter 252. That act, quoted above, amended Section 10208, Code of 1942, and went into effect immediately. It repealed those parts of the prior statute to the extent it was inconsistent with them. In other words, Code Section 10208, as stated in the 1942 Code, was repealed in part, and Chapter 252 went into effect.

The petitions for election asked the board of supervisors to submit to the voters the identical proposition required by the 1956 act. Then, in attempting to describe the statute concerning such elections, they erroneously stated "all as is provided by Section 10,208 of the Mississippi Code of 1942", omitting to add the two words "as amended." The order of the board of supervisors expressly adjudicated that the petitions were filed under the authority of Code Section 10208, as amended, and were in all respects in due and legal form. This order directed the election commissions to hold an election under Section 10208, as amended. The notice of election

made the same reference to the statute as amended, and the order of the board of November 14 approving the the report of the election commissioners and making effective the results of the election also adjudicated that the election was held under Section 10208, as amended.

Hence it is manifest that the voters were not misled at the election, and that the correct proposition was submitted to them. Considering all of these circumstances, we do not think that the incorrect reference in the petitions for election, which omitted the words ''as amended'' in referring to Code Section 10208, constitute a substantial defect or error in the jurisdiction of the board which would warrant reversal and nullification of the election.

 █ It is well established that minor irregularities and defects in a petition will not invalidate an election. 29 C. J. S., Elections, Section 69. █ It is sufficient if the petition express in an intelligible manner the desire of the petitioners that a local option election be held. It will not be invalidated by trifling errors or omissions in the petition or by unimportant irregularities. 48 C. J. S., Intoxicating Liquors, Section 77. █ Hence it is not essential that a petition for a local option election be couched in the exact language of the statute; a substantial compliance therewith is sufficient. 30 Am. Jur., Intoxicating Liquors, Section 176; State v. McCord, 207 Mo. 519, 106 S. W. 27 (1907). █ The principal issue is whether the question was fairly submitted to the legal voters in the county, and in determining this, the petition and order of the board of supervisors should be taken together, because they constitute but one record. It is sufficient if jurisdiction appears from the entire record. State v. McCord, supra.

It is manifest that no one signing the petitions was misled by their terms. In fact, they asked the board of supervisors to call an election to submit the exact proposition which is required to be submitted under Miss. Laws 1956, Chapter 252, subsection (a). There was no

reason for the petitions to refer to the exclusion of possession of beer and wine, because, as discussed above, the Legislature provided, by what is in effect an independent statute, that in the event the sale, transportation, storage, distribution, receipt and/or manufacture of beer and wine is excluded, then automatically possession is excluded from the county. Whether it would have been better for for subsection (a) of the 1956 statute to have directed that the proposition would include "possession" along with the other six stated items of traffic in such beverages is not a judicial question, but solely legislative. The statute answers that inquiry in the negative. So the petitions asked for an election on the precise proposition required to be submitted by the 1956 act.

The final clause in the petitions, referring to Code Section 10208, is simply an erroneous and incidental reference to the statute, which is harmless error, or, at best, mere surplusage. The proposition itself is correctly stated in the petitions.

██ ██ Moreover, petitions for an election are adequate if they substantially comply with the requirements of the statute and are reasonably sufficient to authorize the board of supervisors to take jurisdiction of the matter and make the order for election. The pertinent statute on such petitions, Code of 1942, Section 3018, does not otherwise define a petition. ██ ██ Nor should the standards for them when filed by laymen be higher than those already established by this Court for minutes of boards of supervisors. As to them, it is established that strict legal technicality cannot be required. It is enough that by fair and reasonable interpretation the meaning of the minutes of boards of supervisors is ascertainable. Noxubee County v. Long, 141 Miss. 72, 106 So. 83 (1925); Peoples Bank of Weir v. Attala County, 156 Miss. 560, 126 So. 192 (1930).

A fair and reasonable interpretation of the petitions to the Board of Supervisors of Clay County reflects what

we think to be a clear intention to obtain a local option election on the exact proposition required to be submitted by Chapter 252, Laws of 1956. The reference to Code 1942, Section 10208 is therefore only a descriptive reference to the preceding correctly stated proposition, and a minor irregularity and defect in the petitions which were not of such nature as to deprive the board of jurisdiction.

Furthermore, in canvassing a petition and determining its sufficiency, a board of supervisors acts judicially; and it therefore has the benefit of the presumption of regularity as to its finding of any other judicial tribunal. Coleman v. Board of Supervisors, 216 Miss. 867, 876, 63 So. 2d 533, 832 (1953). Clearly the board itself adjudicated that the petitions asked for an election under the 1956 act, the election was held under that act, and there is no evidence to indicate otherwise. For all of these reasons, the petitions for the election were sufficient to vest jurisdiction in the board to call the election of November 6, 1956.

Four of the Judges dissent from the foregoing conclusions on the two points discussed in this opinion. The Court has also carefully considered the remaining points argued by appellants, and all of the Judges are of the opinion that there is no merit in them.

Affirmed.

*Roberds, Lee, Kyle* and *Gillespie, JJ.,* concur.

McGEHEE, C. J., dissenting.

The majority opinion in the main contains a correct statement of the facts in the progress of the election proceedings in question, but I think that the opinion contains some erroneous conclusions as to other facts which are deduced from the facts correctly stated, and that the majority opinion also contains some ultimate conclusions of law which are likewise erroneous.

In the outset it is stated that "review by certiorari is confined to an examination of the questions of law arising and appearing on the face of the record and proceedings before the board of supervisors". This is a correct statement of what Sections 1206 and 1207, Code of 1942, provide. Therefore this dissenting opinion shall be confined to what I conceive to be questions of law arising and appearing on the face of the record and proceedings before the board of supervisors of Clay County.

The third paragraph of the majority opinion herein begins with the assertion that "the election was held under Chapter 252, Miss. Laws of 1956, which became effective February 21, 1956," and there follows a correct statement of what Chapter 252, Miss. Laws of 1956, provides. But the trouble is that the petitions containing twenty percent or more of the qualified electors of Clay County did not request that an election be held as provided for under subsection (a) of Section 1 of Chapter 252, Miss. Laws of 1956. Those qualified electors asked the board of supervisors that there be submitted to the qualified electors "the proposition of whether or not wine and beer shall continue to be sold, transported, stored, distributed, received or manufactured in Clay County, Mississippi all as is provided by Section 10208 of the Miss. Code of 1942". The petitions did not request that an election be held as provided by subsection (a) of Section 1 of Chapter 252, Laws of 1956.

This Court held on May 6, 1957, in the case of Russell v. State, 94 So. 2d 916, not yet reported in the official Reports, that there was a vast and important difference between the provisions of Section 10208, Code of 1942, and Chapter 252 of the Laws of 1956. Such vital difference in the original statute and the amendment thereto becomes obvious when it is seen that Section 10208, Code of 1942, clearly provides "that nothing in this section shall prohibit the consumer from possessing or taking into any county electing to come from under this section

said wine and beer for his personal consumption". This quoted provision was deleted from subsection (a) of Section 1 of Chapter 252, Laws of 1956. Moreover, subsection (b) of Section 1 of Chapter 252, Laws of 1956, makes it a criminal offense for any person to be "found possessing any beer or wine of any quantity whatsoever * * *", and subjects such person to imprisonment of not more than ninety days or a fine of not more than $500, or both such fine and imprisonment, where in an election under subsection (a) of the said Section 1 of Chapter 252, Laws of 1956, the "transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages" shall be excluded from the county.

The eleven petitions submitted to the board of supervisors on August 6, 1956, are all in the identical language, and those petitions asked that there "be submitted to the qualified electors of Clay County, Mississippi, the proposition of whether or not wines and beer shall continue to be sold, transported, stored, distributed, received or manufactured in Clay County, Mississippi, all as is provided by Section 10208 of Mississippi Code of 1942". In other words, the petition asked for an election to be held under Section 10208 of the Mississippi Code of 1942, which by its express provisions rendered it lawful for any person to have in his possession wines and beer for his own personal consumption.

While it is true that the election commissioners, pursuant to an order of the board of supervisors undertook to hold an election under Chapter 252, Laws of 1956, neither the election commissioners nor the board of supervisors had any lawful authortiy for calling and holding an election under that Chapter of the Laws of 1956 under the petitions of the qualified electors asking for an election on "the proposition of whether or not wines and beer shall continue to be sold, transported, stored, distributed, received or manufactured, all as is provided by Section 10208 of the Mississippi Code of 1942," for the reason

that it cannot be successfully contended that the petitions then on file before the board did not constitute the only jurisdictional basis for the calling of an election at all in the premises. Both the election commissioners and the board of supervisors were therefore without authority to change the proceeding from one asking for an election under the original statute, Section 10208, Code of 1942, into a proceeding under subsection (a) of Section 1 of Chapter 252, Laws of 1956. If Section 10208, Code of 1942, was no longer in existence then the board of supervisors should have ignored such petitions, as not having petitioned for an election under subsection (a) of Section 1 of Chapter 252, Laws of 1956.

It is true, as stated in the majority opinion, that the petitions hereinbefore referred to ask that there be submitted to the qualified electors the proposition of whether or not wines and beer shall continue to be sold, transported, stored, received or manufactured in Clay County, Mississippi, and that subsection (a) of Section 1 of Chapter 252, Laws of 1956, provided for the submission of this proposition, but it is likewise true that the original statute, Section 10208, Code of 1942, provided for the submission of this proposition, but that section of the Code of 1942, under which the petitions of the qualified electors were drawn, signed and presented to the board of supervisors likewise provided for the submission in the election of the proposition of whether "the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages" shall not be permitted in the county where the election is being held, but the said Section 10208, Code of 1942, under which the petitions were drawn, signed and submitted to the board of supervisors recognized that an election to exclude the transportation, storage, distribution, receipt and/or manufacture of such beverages, when resulting in favor of such exclusion, should not "prohibit the consumer from possessing or the taking into any county electing to come from under this

section, said wines and beer for his personal consumption''.

There being such a vast and important difference between the section under which the petitions were drawn, signed and presented and Chapter 252 of the Laws of 1956, I am unable to see how the defect in the petitions as drawn, signed and presented to the board of supervisors can be treated as a mere irregularity or inadvertence on the part of the petitioners, since the petitions constituted the sole jurisdictional basis for the right of the board of supervisors to call any election at all, as aforesaid.

Moreover, under the general rule, as to the ''Proposal and Ballot'', providing among other things that the proposition submitted shall ''be sufficiently definite to apprise the voters with substantial accuracy of what they are called upon to approve; and to be submitted in such a way as to obtain a full and fair expression of the will of the voters on its merits.* * *''. 44 C. J., page 1198, Sec. 4171. To like effect the rule is announced in 64 C. J. S., page 533, Sec. 1923. In the instant case there is no substantial compliance with statutory formalities, and the question raised by this dissent has no reference to ''slight misstatements contained in the proposition submitted to the voters''. The question raised is clearly jurisdictional in that the petitions constitute the sole basis for any authority for the calling of the election here in question.

Moreover, we have a general statute upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, in Section 3018, Code of 1942, in which it is provided among other things that the notice of an election must contain ''a statement of the proposition to be voted on at said election''.

This Court in the case of Spencer v. Mayor & Board of Aldermen of Yazoo City, 215 Miss. 160, 60 So. 2d 562, in discussing the rule relating to the amount of information that should be contained in the notice of an election,

quotes with approval the general rule announced in 44 C. J. Sec. 4171, and 64 C. J. S., Sec. 1923.

Reverting to the rule announced in the first paragraph of the majority opinion to the effect that ''review by certiorari is confined to an examination of the questions of law arising and appearing on the face of the record and proceedings before the board of supervisors'', the record and proceedings in the instant case according to the report of the election commissioners and the proof of publication thereof submitted to the board of supervisors it is expressly stated that the proposition submitted to the qualifed electors of Clay County on November 6, 1956, was contained on the following ballot, ''The Proposition to be Voted on: A proposition to exclude from Clay County, Mississippi, the transportation, storage, sale, distribution, receipt and/or manufacture of wine of an alcoholic content of not more than four per centum by weight.'' The voters were not advised by this ballot that the exclusion of the possession of wines and beer for personal use were to be voted on in connection with the vote to exclude ''the transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer''. Therefore it is readily conceivable that those who wanted to exclude the evils of the sale, etc., of wine and beer from the county could have gone to the election precincts and told their neighbors and friends that ''you will see from the notice published by the election commissioners and from the ballot itself when you go into the booths to vote that nothing is said in regard to any citizen being deprived of the right, which he had under Section 10208, Code of 1942, to have wine and beer in his possession for personal consumption''. The withholding from the voter of the information that if he voted to exclude the sale, etc., of wine and beer from the county he would thereby be voting to make it a crime to have a bottle or can of beer in his possession for personal consumption, could have easily influenced the result of the

election in question. Out of a total vote of 2407 cast in the election in question, the majoritiy for exclusion was only 155 votes.

The view of the writer of this dissenting opinion is not particularly concerned with whether or not a citizen of Clay County shall have the right to have possession of a bottle or can of beer for personal consumption, but there transcends this issue the preservation of the integrity and fairness of elections in this state. No good reason can be assigned as to why the word "possession" should not have been listed along with the words in the ballot in regard to transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer. Under the well established rule of *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another—the voters were, in my opinon, not sufficiently apprised with substantial accuracy of what they were called upon to approve. Why should the proposition submitted not "be sufficiently definite to apprise the voters with substantial accuracy of what they are called upon to approve; and to be submitted in such a way as to obtain a full and fair expression of the will of the voters on the merits"?

Until May 6, 1957, when the case of Russell v. State, supra, was considered and decided by this Court, it was not generally known that Chapter 252, Laws of 1956, had been enacted. It is doubtful whether or not the attorneys handling the proceeding before the board of supervisors knew of this amendment to Section 10208 of the Code of 1942, until after the petitions were filed before the board on August 6, 1956, since the first reference to this statute "as amended" appears in the order of the board of supervisors of October 1, 1956, calling the election. But neither in this order calling the election, nor in the notice given by the election commissioners, nor on the ballot was any mention made of the intention of the board to exclude the right of possession of wine and beer

for personal consumption. In fact the exclusion of possession of wine and beer was mentioned for the first time in the order of the board of supervisors of November 14, 1956, following the election held on November 6, 1956.

Since the election in the instant case is the first contest that has come to this Court on appeal from an election held subsequent to the enactment of Chapter 252, Laws of 1956, I am of the opinion that this Court in accordance with settled principles should announce in the instant case that in order for the proposition submitted to "be sufficiently definite to apprise the voters with substantial accuracy of what they are called upon to approve", the word "possession" should be inserted in the ballot along with the words "transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer". Inasmuch as this decision is being rendered by a divided court, the confusion that will inevitably arise in future elections under this new statute should be now put at rest as to what the ballot should contain, and this is especially true since there could be no valid objection to giving the voter this information.

It is stated in the majority opinion that the board of supervisors adjudicated that the petitions asked for an election under the 1956 Act, but the point is that the board had no authority to make such adjudication directly in conflict with the petitions of the qualified electors which furnished to the board its only basis for calling the election at all.

Again it is said that the legislature had the authority to exclude the possession of wine and beer by an independent statute. However, this purported criminal statute is not a general law which under Section 87 of the Constitution of 1890 should be a statewide law except in cases where there is to be a local option election. The only local option election shown in the record now before us is one to exclude the transportation, storage, sale, distribution, receipt and/or manufacture of wine and

beer, and is not one purporting to exclude the possession of wine and beer for personal consumption, whereas the title of Chapter 252, Laws of 1956, is to the effect that it is an act to ''prohibit the possession of wine and beer * * *'' on a condition therein stated, and nothing was said on the ballot to disclose such a purpose.

In reluctantly dissenting from the view of the majority, I do so only in the interest of seeking to preserve the integrity and fairness of all elections that may be held in this state. I deem it to be no answer to the failure to give to the voters the information to which they were entitled, the contention that they were charged with knowledge of the law. In school bond issues for the erection of buildings and supplying equipment in separate school districts with the proceeds of a bond issue, the voters are likewise charged with notice of the law. Nevertheless this Court has held that the notice of such an election must apprise the voters of the purpose for which the proceeds of the bonds are to be expended. With deference to the majority of the Court I respectfully dissent from the opinion upholding the validity of the election in question.

*Hall, Holmes* and *Arrington, JJ.,* Join in this dissent.