BRADY, Justice.
This is an appeal from the Circuit Court of Jasper County, Mississippi, wherein the appellant was denied the relief sought in the petitions filed by the appellant, requesting that an election be called on the question of whether or not to adopt or reject appellee’s redistricting order altering the boundaries of the supervisors’ districts of the county. From this judgment an appeal is taken.
This action originated upon petitions filed by the appellant and others with the appellee board requesting that an election be called on the question of whether or not to adopt or reject appellee’s redistricting order altering the boundaries of the supervisors’ districts of the county. The appel-lee board examined the petitions and found that there were, in fact, two separate and distinct type petitions filed by the appellants. One set of the petitions conform with provisions of the statute in question, whereas the other type petition requested the calling of an election which in the ap-pellee’s opinion was not authorized by the statute. The petitions which the appellee considered to be in order requested of it the following action, to-wit:
We, the undersigned qualified electors of Jasper County, Mississippi, do hereby object to the changing of the boundary lines of the supervisors’ districts of said county and state, as defined in order by the said board of supervisors and recorded in Minute Book 27, page number 130-131-132-133 and 134, and published in Jasper County News beginning December 19, 1968, and running through January 2, 1969, pursuant to section 2870, Mississippi Code of 1942, recompiled as amended by House Bill No. 102, General Laws of Mississippi, 1968.
The other type petition requested by the appellant and denied by the appellee is as follows:
We, the undersigned qualified electors of Jasper County, Mississippi, do hereby object to the changing of said boundary lines of the supervisors’ districts of said *640 county and state, as defined in an order by the said board of supervisors and recorded in Minute Book number 27, pages number 130-131-132-133 and 134, and published in the Jasper County News beginning on December 19, 1968, and running through the required editions, and ask that an election be held to decide the issue as to whether the boundary lines of said supervisors’ districts be changed or whether the said supervisors should run countywide, pursuant to section 2870, Mississippi Code of 1942, recompiled as amended by House Bill No. 102, General Laws of Mississippi, 1968. (Emphasis added.)
The appellee found the petitions first referred to above requested appropriate action, as provided under the statute, but, that the second type petition requested the calling of an election which the appellee was not authorized to call. Thereafter, at the appellee’s request, the county election commissioners canvassed only the petitioners first referred to above and found that they bore only the names of 1,325 signers while the statutory provision requires a minimum of 1500 qualified electors signing such petitions or twenty percent (20%) of the qualified electors in the county, which in this case is 1,504 qualified electors. The appellee therefore entered its order denying the petitioners’ request and from that order an appeal was taken to the Circuit Court of the Second Judicial District of Jasper County, Mississippi, which affirmed the appellee-board’s decision. From this judgment an appeal is taken.
The sole error assigned by the appellants is that the lower court erred in affirming the order of the board of supervisors which order declared invalid the petition submitted pursuant to Mississippi Code 1942 Annotated section 2870 (Supp.1968).
The disposition of this case hinges on a phrase in the disallowed petition which states as follows: “and ask that an election be held to decide the issue as to whether the boundary lines of said supervisors districts be changed or whether the said supervisors should run countywide.” The adding of the last clause of the above sentence, “or whether the supervisors should run countywide,” is not within the purview of section 2870 and therefore causes the petition to be defective. The statute specifically states that if twenty percent (20%) of the qualified electors of the county or 1500 of the qualified electors of the county, whichever is less, shall present the board with a petition objecting to such change or alteration within sixty days after the adoption and final publication of said order, then the board shall call an election after publishing notice thereof in a newspaper published in the county or if there be no newspaper published in the county then in a newspaper having general circulation in the county. This section was designed to give the qualified electors of a county a yea or nay vote on an order of the board of supervisors of the county. It was simply to give a yea or nay vote and not to present an alternative action which the defective petition does by the use of the last phrase in the sentence, “or whether the said supervisors should run countywide.”
This is a material fault in the petition as it creates an entirely separate petition from the valid petition and is without the authority of section 2870. While it is well established in this state that minor irregularities and defects in a petition will not invalidate an election, nevertheless it is equally well established that major irregularities and defects in a petition will invalidate an election. The error in the above petition is not a trifling error and goes directly to the heart of the petition and invalidates it. Stennis v. Board of Supervisors of Clay County, 232 Miss. 212, 98 So. 2d 636 (1957).
For the above reasons, the judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.