Mr. Justice Clayton
delivered the opinion of the court.
This is a continuation of the same case which is reported in 4 How. 308, under the style of Carmichael v. Hunter et al. After the cause under the decision of this court returned to the superior court of chancery, at the June term, 1840, an order of reference was made to a commissioner in the following terms : “ The case being now at hearing on the bill and exhibits filed, and the pro confesso heretofore taken in the cause, and the matters and things stated in said bill, requiring an account to be taken before a final decree, the court doth order and decree that it be referred for an account to be taken between the parties, of the matters claimed in the bill of complaint.” It then goes on to lay down the principles upon which it was to be taken.
The account vas' stated and returned to the January term, 1841, together with the proofs upon which it was founded. No exceptions were filed, and no order of confirmation was made.
The next step which the record discloses is this entry : “ December term, 1845. Motion to enter on the minutes of the court, the order of court setting aside the interlocutory decree to account, which is granted.” The entry is as follows: “ The interlocutory decree to ¡account in this cause, having heretofore by order of court been set aside, but the said order, by mistake, not having been entered on the minutes, it is ordered that said interlocutory decree be now set aside.”
At the June term, 1846, upon the petition of complainants, a special appeal was granted them from this order, setting aside the interlocutory decree.
The decree to account was, in its terms, only interlocutory. Indeed it is said, that such decree is always of that character. 1 Bar. Ch. Pr. 330; 2 Dan. Ch. Pr. 1198. The twenty-third rule of the chancery court in this state directs, “ That upon the coming in of the report, such proceedings shall be had thereon, as shall seem right and equitable.”
The law appears to be, that an interlocutory order, made in the progress of a cause is, until the final hearing, or until the confirmation of the report taken under it, always within the control of the court -which renders it, and may be set aside by it. *728 Steptoe’s Ex’rs v. Steptoe, 1 Munf. 339; 1 J. J. Marsh. 497; 2 Smith, Ch. Pr. 14, n; Davis v. Roberts, 1 S. & M. Ch. R. 551.
The application to change such decree is addressed to the sound legal discretion of the court. In Moore v. Hilton, 12 Leigh’s R. 30, the rule is thus stated by the court: “ After an interlocutory decree, neither of the parties has the absolute right to introduce new evidence in respect to the matter decided, but the right to introduce and use such evidence, as ground for changing or setting aside such decree, depends on the sound judicial discretion of the court to which it is offered, and its jüdgment on the sufficiency of the excuse that may be urged for the failure to have had that testimony before the court, when the cause was heard and the decree rendered; and such excuse may be offered to the court, either upon motion, or notice to rehear the cause on the new evidence, or by petition for rehearing.” To the law thus propounded, we give our entire assent.
Then it rests in the sound discretion of the court to grant or refuse the application. But that which rests upon discretion is not usually the subject of review in an appellate court. Our statute, however, grants the right of appeal from interlocutory orders or decrees, among other causes, £! when the court or chancellor shall think such appeal proper, in order to settle the principles of the cause, or to avoid expense and delay.” Hutch. Code, 759. The effect of this statute must be to give this court the right to revise acts of the court of chancery, which could not previously have been re-examined here. It thus modifies the discretionary powers of that court, and renders them subject to revision in the appellate tribunal. The allowance of the appeal by the chancellor could have contemplated nothing else but a re-investigation here of his order setting aside the previous decree.
The order seems without any foundation to support it. No petition is filed, no proofs exhibited, no ground laid, no reasons assigned, no excuse offered for delay, no cause of any kind shown. This seems to us not the exercise of a “ sound judicial discretion,” but the exertion of power without legal warrant. If this order be sustained, then the rights of the parties, in some *729 degree, rests not upon fixed and established rules of law, but upon the varying opinions of the court. The parties could not know upon what to repose, and certain reliance upon judicial, proceedings would be greatly diminished. We do not mean to say, that it is not in the power of the chancery court to set aside an interlocutory decree, but only that some cause must be shown, sufficient to authorize the act. Where there is an error upon the face of such decree, or the report under it, that is in itself sufficient ground for the court to act on. Adams v. Claxton, 6 Tes. 230. 'But no such errqr appears in this case.
This is the only matter appealed from, and all we are authorized to do is to pass upon it. There was no decree in the court below, and were we to make one, it would be the assumption of original jurisdiction. The other points argued cannot, therefore, be determined. The order setting aside the interlocutory decree without cause is erroneous. It is therefore reversed, and cause remanded for farther proceedings.