COSTAS *et al. v.* BOARD OF SUP'RS OF LAUDERDALE COUNTY.

(In Banc. May 14, 1945. Suggestion of Error Overruled June 11, 1945).

[22 So. (2d) 229. No. 35852.]

442

W. E. Gore and Forrest B. Jackson, both of Jackson, for appellants.

Lester E. Wills, A. S. Bozeman, and J. V. Gipson, all of Meridian, for appellee.

Argued orally by **W. E. Gore**, for appellants, and by **A. S. Bozeman**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This case has twice heretofore engaged the attention of this Court. The first opinion of the Court was reported in 15 So. (2d) 365, 154 A. L. R. 863, wherein the Court adopted the view that the order of the county board of supervisors of Lauderdale County holding that a petition for an election to determine whether traffic in light wines and beer should be excluded contained twenty per cent or more of the signatures of qualified electors was a final judgment as to said adjudication. Hence, it was further decided that aggrieved parties were required to appeal therefrom within ten days from its date. Appellants perfected the appeal more than ten days after the date of this adjudication, which the court said precluded the consideration of the appeal here. Appellants here were appellants there and contended that the entire procedure before the board of supervisors from the filing of the petition for the election to the final judgment of the board after the report of the election commissioners had been filed was a single procedural entity, and the questions involved were not foreclosed or finally determinable until after the election and report thereon to the board, whereupon all issues would become open to challenge and triable before a final judgment. As stated, this Court rejected this theory of appellants.

However, this Court sustained a Suggestion of Error, reported in 16 So. (2d) 378, holding that the previous decision of the point now presented to us was therein erroneously made. In other words, the opinion on the Suggestion of Error held that the order of the board of supervisors for such election was only an interlocutory order, not appealable, and did not preclude parties from thereafter challenging the board's adjudication that the petition for election contained twenty per cent or more of the qualified electors. It was further the opinion of this Court that although the board of supervisors was acting judicially, it did not thereby complete the exercise of its judicial functions in the matter, and thereafter as a prerequisite to its jurisdiction to enter a final order of exclusion, the

board was required to adjudicate that the issue to be voted on was properly submitted, and notice was published as required by law, and that the election was conducted according to law. Code 1930, Section 310; Laws 1934, Chapter 171, as amended by Laws 1942, Chapter 224. See also Section 10208, Chapter 5, Code 1942. In other words, the only final judgment in the entire procedure before the board is one rendered after the filing of a petition in accordance with the statute, after publication of notice of election, election, and report thereof to the board of supervisors by the election commissioners, and from such final order only will an appeal lie to this Court.

It is not necessary to review the facts and procedure before the board with which this Court dealt in the two prior decisions, supra, as they are set out therein. Suffice it to say that the case on remand to the circuit court on the sustaining of the Suggestion of Error was by the circuit court remanded to the board of supervisors for further proceedings, the circuit court having set aside its previous order affirming the final judgment of the board of supervisors from which the appeal had been taken. The appellants, Theo. Costas, doing business as Southern Beverage Company, and Kramer Service, Incorporated, doing business as Kramer Beverage Company, thereafter appeared before the board of supervisors to protest against the granting of an order excluding beer and light wines from Lauderdale County, challenging in particular the adjudication by the board that a petition containing signatures of twenty per cent or more of the qualified electors of said county had been filed with said board praying for an election as to the exclusion or not of wine and beer from Lauderdale County, contending that said petition did not contain twenty per cent, and that all proceedings were ineffectual.

At the hearing before the board of supervisors where the final order from which appeal again brings the case here was entered, the petitioners and the protestants, both represented by counsel, appeared and the protestants hav-

ing announced ready for hearing, petitioners filed two motions but only one of them is pertinent here. The motion pertinent to the present decision was to dismiss and strike the protest, and the board sustained this motion. It also refused the protestants the right to introduce evidence in support of their claim that the original petition upon which the election was ordered and held contained only 15.67% of the signatures of the qualified electors of Lauderdale County. The protestants tendered as a witness a certified public accountant under the laws of this state, offering to prove by him that he had made a thorough check of the records involved and was qualified and able to produce proof of the facts alleged by protestants. Final order was entered by the board of supervisors by which wine and beer were excluded from Lauderdale County. An appeal was taken to the circuit court, which affirmed the action of the board, and from the judgment of the circuit court the case comes back here.

Appellants assign as errors the action of the circuit court in affirming the order of the board of supervisors, and thereby putting into effect an ordinance prohibiting the sale of light wines and beer in Lauderdale County, that the circuit court erred in affirming the action of the board of supervisors in sustaining the motion to strike the appellants' protest; and that the circuit court erred in affirming the action of the board of supervisors in excluding evidence offered by the appellants as proof of the insufficiency of the number of signatures on the petition calling for an election on the question here involved. The attorney for the appellee in his brief says this: "We submit to the Court that the rules of orderly procedure in Supervisors Courts, and the protection of Boards of Supervisors from speculative expenditure of public funds, with no chance of reimbursement, if wrongfully spent, should impel this Court to reaffirm the judgment below, if not, also to overrule the majority decision on suggestion of error in the former appeal of this case 16 So. 2d 378

and to reaffirm the original decision in 15 So. 2d 365 [154 A. L. R. 863].''

In other words, it seems that the purpose of appellants may be the reargument of the former case, although they insist that it is a matter of interpretation only. Nevertheless, the issue is again narrowed down to the question whether or not the initial adjudication by the board of supervisors that twenty per cent of the qualified electors had petitioned for an election, and whether or not such adjudication was a final judgment as contended by appellees or interlocutory as contended by appellants, and whether, after the further progressive steps toward the final determination of the procedure and upon the filing of the report of the election commissioners, the board of supervisors should then have heard the protest of appellants with reference to the original petition before entering final order.

This Court in its decision in 16 So. (2d) 378 held that the adjudication as to the sufficiency of signatures to the petition was interlocutory, and the entire cause, including that issue, must on pertinent and competent protest be adjudicated by the board upon trial before the final judgment could be entered in the case.

Appellees say that since some citizens, not the appellants, voluntarily appeared and contested before the board of supervisors the sufficiency of the initial petition when the board adjudicated it to be sufficient, these appellants are thereby estopped from protesting although they did not appear with the others at said hearing. It is argued that this hearing of a protest by others now estops these appellants from what is urged to be a reopening of the question. It appears to be the theory of appellees that there is privity between the other group of protestants, who appeared and fought, and the present appellants so as to estop the present appellants from having the board consider their protest, as above set out. It is further contended by appellees that the reopening of an interlocutory decree is within the discretion of the court

on motion, and hence the court was exercising a sound discretion in refusing to hear the evidence tendered by appellants. Since, under the former opinion of this Court now controlling, the hearing on the original petition, in our view, did not close the question, and these appellants had no form of notice thereof, recognized as such by law, and did not participate in such hearing, they were not estopped thereby. So far as these appellants are concerned, this was an ex parte hearing since it was done for and in behalf of, or on the application of, one party only, to-wit: the petitioners who were present—as the appellants were absent. 32 C. J. S., Ex., p. 1145. Since there is no issue in the record involving the question whether or not the parties who did appear at the first hearing would be estopped, we are not deciding whether they had been estopped or not thereby as they are not the appellants here. For any foundation to support estoppel against these appellants, the record presents no establishment thereof because for the appellants to have been a party to the original hearing, the record must show it, and the mere knowledge of its pendency and even employment of counsel are insufficient to make them parties. McPike, Administrator, etc., v. Wells, Administrator, etc., 54 Miss. 136.

Appellants would not be bound on the theory that because the protestants who actually appeared and participated in the initial hearing on the petition before the board were fellow citizens of Lauderdale County, or engaged in the same line of business, but not interested with appellants in the same business, as being in privity thereby with appellants, because privies include: In estate, as donor and donee, lessor and lessee, and joint tenants; in blood, as heir and ancestor, and co-parceners; and privies in representation, as executor and testator, administrator and intestate; privies in law, where the law, without privity of blood or estate, casts the land upon another, as by escheat. There was no privity between the other contestants and these appellants, and hence no

estoppel against maintenance of this contest by appellants. Lipscomb v. Postell et al., 38 Miss. 476, 9 George 476, 77 Am. Dec. 651; Harrington et al. v. Harrington et al., 2 How. 701. What we have said above is in response to the argument that the hearing asked by appellants after the rendition of this interlocutory judgment was within the discretion of the court to be granted only on motion to the end of setting it aside. The protest had the same purpose in view but the latter was not within the discretion of the board. Under the positive ruling of this Court, it was mandatory upon the board to hear this protest and proof in support thereof. Such holding by this Court then is now the law of this case, whatever may betide.

Nowhere in the statute is provision made for notice to anybody interested except the notice to the electors by the board of election commissioners concerning the holding of the election, and in our judgment this thereafter brings into the situation everybody affected thereby, and those failing thereafter before final judgment to seek to contest any phase of the issues, would be estopped.

The appellees also challenge the now controlling decision of this Court on the ground of expediency, saying the taxpayers thereunder might become involved in the hazard of a possible vain expenditure of considerable money in the holding of an election which might ultimately, by the final judgment of the board, turn out to have been useless because of the insufficiency of the initial petition. The Legislature passed the legislation. Lex ita scripta est. This legislation required the petition for the election to contain the named percentage of qualified electors signing the same, and if it did not contain so many signatures of qualified electors, the board had no right or power to call the election. In the case before us, the responsibility therefore for the hazard of this expenditure becoming vain is not on the Legislature or on this Court, but on the petitioners and the board of supervisors, if indeed the procedure was had and taken on a deficient

petition, since it would be their original mistake, although honestly made, as here, if such error was, indeed made. This, we are not now able to determine.

When this case finally gets back to the board of supervisors to be proceeded with in accordance with the ruling of this Court herein, the board must allow protestants a hearing upon their protest in order to determine the precise question of whether or not the petition for the election to ascertain the will of the electors of Lauderdale County was signed by twenty per cent of the legally qualified electors of said county. If the board should so decide, then will follow as a matter of course an order excluding wine and beer from Lauderdale County for five years. Then, after five years the proponents of wine and beer may petition for a resubmission of the question, and the opponents thereof may contest the matter if the situation becomes involved as here. To a contemplative mind, the query is presented, how would the present petitioners feel if they then would find themselves in the present situation of the protestants? The law, however, is not merely an ephemeral solution of a temporary problem. Its principles are immutable and universal, as old as the ages, inherent therein being always a quality dear and necessary to all men, fairness. This requires that a day in court be granted to all alike. The issue before us is not a moral or a temperance issue. It is not a question of prohibition or anti-prohibition, or individual sentiments upon the subject of the rightness or wrongness of the traffic in wine and beer. It is a legal question, and as such, and only as such, we decide.

This Court, however is not a mere voice crying alone in the wilderness on the conclusion announced in the decision last rendered here. The strange situation would present itself, if appellees' contention prevailed, of an appeal from an ex parte judgment of the board on the sufficiency of the signatures of the petition for an election, its review here, and possible remand for further proceedings, to be followed by another appeal allowable from the

final judgment thereafter—which is contrary to the general rule everywhere and for all time, save in exceptional cases not here involved, insofar as we can determine from careful research. Opposed to this is the recognized wisdom of the determination of all issues on a single appeal. The object of such a general practice is to present the whole cause for determination in a single appeal and thus to prevent the unnecessary expense and delay of repeated appeals. Davie v. Davie, 52 Ark. 224, 12 S. W. 558, 20 Am. St. Rep. 170; Jones v. First National Bank, 123 Ohio St. 642, 176 N. E. 567.

Parallel to the procedure here is that prescribed and followed in many cases involving the issuance of bonds under statutes governing such matters for certain public purposes. The statutes as to petitions and procedure there in many of such cases are similar to the procedure here. Therefore, to uphold the contention of appellees as made now before us would put this Court in the untenable position of interpreting like systems one way when involved in the issuance of bonds and another way when involving the question of excluding or not excluding the sale of wine and beer. We think that to adopt such a difference in the interpretation of parallel rules would make us recreant to our duty to treat all alike in controversies. We are required, by the solemn mandate of the law, and our obligation, to adjudicate impartially. That must be the common goal in all our decisions, and we must set our sails accordingly to reach always that goal, whatever phase of economic or social problems may confront us. Otherwise, adjudication would head toward divergence from, and not confluence with, an identical route toward the requisite port, else we may lose our course. It was Ella Wheeler Wilcox who wrote:

> "One ship drives east and another west
>   With the selfsame winds that blow;
>   'Tis the set of the sails,
>   And not the gales
>   Which tell us the way we go."

Therefore, as heretofore adjudicated by this Court, supra, the protestants are due their hearing, which hearing may or may not develop that twenty per cent of the qualified electors signed the petition for the election. So it is necessary to reverse and remand the case for further proceedings in accordance with this opinion.

Reversed and remanded.

### DISSENTING OPINION.

**Roberds, J.,** delivered a dissenting opinion.

The board of supervisors had the right and power to pass upon and adjudicate the sufficiency of the petition at its February, 1943, meeting. Chapter 224, Laws 1942. The law makes no provision for notice to be given of the filing of the petition or of the time of hearing the same. However, to dispel any suspicion of unfairness, it is pertinent to note the course of events in this proceeding.

The petitions were filed September 29 and October 7, 1942, both, taken together, constituting one petition. An attorney for two beer dealers later appeared to contest the petition. The supervisors continued the hearing to the January 1943, meeting, at which meeting it was announced the contest would be heard at the February meeting.

Said contestants and their attorney appeared at the February meeting and resisted the petition; proof was taken and the board, on that proof, adjudicated that the petition contained the required twenty percent of the qualified voters of the county and ordered the election. No appeal was taken by those contestants and they disappear from this record.

Notice of the election was duly published, the first notice appearing February 8th, and the election was duly held March 16th, at a cost of $1,305. On March 20th, the election commissioners made their report of the elec-

tion, showing 1,982 votes for and 3,311 against the sale of wine and beer in Lauderdale County.

On April 5th thereafter, the present contestants, also beer dealers, first made their appearance in this proceeding, making the contention then that the petition for the election did not contain twenty percent of the qualified voters of the county. The board declined to again hear evidence on that question and appellants appealed to the circuit court, which affirmed the supervisors; hence, the former appeal to this Court. The appeal from the order of the supervisors adjudicating the sufficiency of the petition, it will be noted, was not taken within ten days after the date of such order, as the statute requires as to final orders, and the questions presented on the former appeal here were (1) whether the ballot used at the election was legal and (2) whether the appeal from the February order adjudicating the sufficiency of the petition was timely taken. The second question depended upon whether said February order was final or interlocutory. On the final hearing of the case here, the Court held the ballot was legal and that the appeal was timely taken because the February order was interlocutory and that the final order in this matter was that putting the result of the election into force. 16 So. (2d) 378.

Therefore, it is settled that the order adjudicating the sufficiency of the petition was valid and interlocutory. If that is true, then it was within the sound discretion of the board of supervisors, sitting as a court, whether it would set aside such order and have a rehearing. Hunter v. Carmichael's Adm'r, 12 Smedes & M. 726, 20 Miss. 726; 31 Am. Jur. 267, Section 717. Moreover, the original and present contestants are of the same class (beer dealers), have the same interest in the petition for this election, and, therefore, the original contestants, there being no evidence that they did not act in good faith in contesting the petition, should be held to have represented all other persons of the same class.

To hold that each person who desires to contest the matter may at any time from the filing of the petition to the final order putting the result of the election into effect appear as a matter of right and contest the question, and that the board of supervisors has no right or discretion as to whether it will set aside the former order, or orders, and permit a rehearing, would, from a practical and economical standpoint, create an intolerable situation. In other words, as soon as one contestant gets through, another can appear and demand a rehearing. Each well-wisher contestant can await the outcome of a prior contest, or contests, and then institute one of his own, and so on without end. Under that rule, the entire time of the supervisors from the filing of the petition to the final order putting the election into effect in this case could have been demanded and consumed by different contestants of the petition, and, indeed, with that absolute right existing in contestants, it is not seen how an election could ever be held. The statute contemplates only one hearing on that question. I do not think the remand of the case by this Court was a command to the supervisors to set aside its former order and rehear proof on the petition. The remand was for the proper procedure whatever that might be.

**Smith, C. J.,** concurs in this opinion.