272 So.2d 298 (1973)
Pat THORNTON et al.
v.
WAYNE COUNTY ELECTION COMMISSION et al.
No. 47233.
Supreme Court of Mississippi.
January 22, 1973.
Rehearing Denied February 12, 1973.
Ransom P. Jones, III, Pascagoula, for appellant.
Louie Bishop, Waynesboro, for appellee.
*299 RODGERS, Presiding Justice.
This case arose as a result of alleged irregularities in an election held on June 6, 1972, for the purpose of determining whether or not the sale of beer and wine should be continued within Wayne County, Mississippi.
Appellants, who were retail beer merchants in Wayne County were convinced that the election was not conducted in the manner required by law. They filed a petition with the Board of Supervisors of Wayne County requesting the board to set aside the beer election held on June 6, 1972, and to declare the election to be null and void because of ten (10) violations of the election laws.[1] Moreover, it said that the election was void since a former election had been held within five (5) years and had been declared void.
No evidence was offered before the board of supervisors to sustain any of the allegations in the petition. The board of supervisors overruled the petition and entered an order on June 30, 1972 expressly stating that they found no evidence to substantiate the allegations in the petition.
On June 15, 1972 the petitioners, appellants here, presented a bill of exceptions to the president of the board of supervisors for his signature. The president of the board signed and certified the bill of exceptions on June 29, 1972, wherein he stated that "The true facts as found by the Board are those as found and pointed out in `Errors in Bill of Exceptions' and in the order dated June 29, 1972." The president of the board of supervisors attached to the bill of exceptions a statement of "Errors in Bill of Exceptions" in which the board of supervisors denied each and every allegation made in the bill of exceptions as to irregularities in the election and stated that the "Board is advised and believes that the referendum was a legal election, that all qualified electors who desired were able to express their free will by a secret ballot."
In the meantime, the appellants filed a petition with the Wayne County Election Commissioners requesting the election commission to grant the appellants a hearing on their application to prevent certification of the results of the election to the board of supervisors.
The appellants offered evidence before the commission of irregularities in the election. They now complain that they were not given sufficient time to present more evidence before the county election commission, and that they were prevented from having the testimony transcribed, although it is said that the election commissioners could subpoena witnesses under the authority of Section 3227, Mississippi Code 1942 Annotated (Supp. 1972).
This section, however, does not give the county election commission authority to hold a hearing and determine whether or *300 not the election was illegal as a result of irregularities. Section 3227, supra, permits the election commissioners to determine appeals from decisions made by the county registrar allowing or refusing the citizen the right to be registered as a qualified voter. See Section 3226, Mississippi Code 1942 Annotated (Supp. 1972).
It is the duty of the county election commission to canvass the returns of the statements of the election managers as to the whole number of votes and to ascertain the results of the election. Section 3279, Mississippi Code 1942 Annotated (Supp. 1972).
It is not clear from the language of Section 10208, Mississippi Code 1942 Annotated (Supp. 1972) as to how the results of an election are given to the board of supervisors who ordered an election, but when this section is read in the light of Section 10265-35(d), Mississippi Code 1942 Annotated (Supp. 1972), the method of procedure becomes apparent.
The first sentence of the latter section is as follows:
"(d) The election commissioners shall canvass and determine the results of said election, and shall certify same to the board of supervisors which shall adopt and spread upon its minutes an order declaring such results."
It is apparent that the board of supervisors has the authority to determine in the first instance the validity of an election called by the board under the authority of the wine and beer statutes of Mississippi.
It will be noted that Section 10208(a), Mississippi Code 1942 Annotated (Supp. 1972) provides, among other things, that:
"(a) Provided, that if any county, at an election held for the purpose under the election laws of the state, shall . . (etc.)" (Emphasis added)
and again it is said:
"... [A]n election may be held in the same manner as the election hereinabove provided on the question of whether or not said transportation, storage, sale, distribution, receipt and/or manufacture of said beverages shall be permitted in such county, and such election shall be ordered by the board of supervisors ..." (Emphasis added)
The method of holding an election expressed in Section 10208(a), supra, is analogous to Section 10265-35(c), Mississippi Code 1942 Annotated (Supp. 1972) wherein the method is set forth with more exactness as follows:
"Said election shall be held and conducted as far as may be possible in the same manner as is provided by law for the holding of general elections... ."
In the case of Simpson County v. Burkett et al., 178 Miss. 44, 172 So. 329 (1937) this Court pointed out in a beer election case that where a statute provides for an election on county-wide policy, but prescribes only that the election thereunder shall be held under the election laws of the state, it becomes the duty of the courts to "apply such of the election laws as bear the closest analogy to the election provided for in the statute presently being considered." The Court then concluded that Sections 310 and 311, Code 1930 (Now Sections 3018 and 3019, Mississippi Code 1942 Annotated [1956]) are here the closest of all among our statutes in point of analogy. See also Miles v. Board of Supervisors of Scott County, 33 So.2d 810 (Miss. 1948).
Section 3018, supra, is in the following language:
"Unless otherwise specifically required by law, the board of supervisors of any county shall upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, signed by twenty-five percent. of the qualified electors of the county, either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county, after giving thirty *301 days' notice of said election, said notice to contain a statement of the proposition to be voted on at said election. If said election shall result in favor of the proposition petitioned for, the board of supervisors, shall pass the necessary order, to put the said proposition in force and effect. In the event the election shall result against the proposition submitted, no other election shall be held on the same, or substantially the same proposition within twelve months of the date of the prior election: Provided that this section shall not apply to the creation of taxing districts."
From the foregoing Section 3018, supra, we learn that the board of supervisors has the authority to "... pass the necessary order, to put the said proposition in force and effect" and conversely has the authority to reject an election resulting from fraud or mistake. Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315 (1938).
In the case of Miles v. Board of Supervisors of Scott County, 33 So.2d 810, 812 (Miss. 1948), this Court said:
"The hearing had before the board of supervisors at its January 1947 meeting, when both the petitioners and the protestants were present to participate therein, and represented by private attorneys, and the oral and the documentary evidence was introduced and developed as a basis for the finding that the petition in question contained the names of a sufficient number of qualified electors to justify the calling of the proposed election, was a judicial proceeding at which the record here was made, and which was later reviewed by the circuit court on appeal."
In Miles, supra, this Court held that the acts of the board were "purely arbitrary."
In the case of Stennis et al. v. Board of Supervisors of Clay County, 232 Miss. 212, 98 So.2d 636 (1957) this Court held that the board of supervisors acts judicially in determining issues involved in a beer election and since in that case "there [was] no evidence to indicate otherwise" their acts were held to be proper.
In Costas v. Board of Supervisors of Lauderdale County, 198 Miss. 440, 22 So.2d 229 (1945), this Court held that the first objection and hearing on a petition in a beer election did not estop other parties from obtaining a hearing after the election. We said:
"Under the positive ruling of this Court, it was mandatory upon the board to hear this protest and proof in support thereof. Such holding by this Court then is now the law of this case, whatever may betide." 198 Miss. at 453, 22 So.2d at 232.
We can safely say from the authority of the foregoing cases that the place to challenge a beer election is before the board of supervisors. No evidence was submitted to the board on the allegations set forth in the petition. The order of the board of supervisors expressly states that it found no evidence to support either of the charges in the petition of the appellants and said:
"The Board finds that there has been no competent evidence brought before this board of any unlawful act regarding the referendum, or any fraudulent act, and that the free will of the qualified electors has been expressed in a proper valid election."
On appeal to the circuit court, the case is not heard de novo. Testimony is not admissible unless the board itself is charged with fraud. The circuit court reviews the record made before the board, of the testimony made or proffered, to determine whether or not the acts and orders of the board are reasonable and proper or arbitrary or capricious or beyond the power of the board to make or whether they violate any constitutional right of the *302 complaining party. Board of Supervisors of Clay County v. McCormick et al., 207 Miss. 216, 42 So.2d 177 (1949).
We have repeatedly held that an appeal from a board of supervisors or city by a bill of exceptions, as is provided by Section 1195, Mississippi Code 1942 Annotated (Supp. 1972), is an appeal to an appellate court and the circuit court is bound by the record made before the board. See Stewart v. City of Pascagoula, 206 So.2d 325 (Miss. 1968).
In the instant case there is no evidence of record taken before the board of supervisors to show the truth of the charges made by the appellants. The board had jurisdiction of the matter and since the board acted judicially its orders are presumed to be regular and its findings correct (Stennis et al., v. Board of Supervisors of Clay County, supra); therefore, the judgment of the circuit court sustaining the order of the board of supervisors must be affirmed by this Court.
Affirmed.
PATTERSON, INZER, ROBERTSON and SUGG, JJ., concur.
NOTES
[1] The objections filed were as follows:

(1) The sheriff did not provide booths for the electors as is required by Section 3252, Mississippi Code 1942 Annotated (1956).
(2) Two hundred and ninety-five (295) Republicans who voted in the election were not furnished ballots as to the beer and wine issue.
(3) Persons were permitted to vote at a time in violation of the time specified by Section 3267, Mississippi Code 1942 Annotated (Supp. 1972).
(4) Two (2) boxes used in the election were not publicly counted but were counted behind locked doors.
(5) Some of the boxes used in the election were not locked as required by law.
(6) Some of the ballots were marked with pencil which contained a graphite substance in violation of Section 3269, Mississippi Code 1942 Annotated (1956).
(7) At two of the election precincts the ballots were numbered.
(8) Persons interested were not permitted to observe the election.
(9) At least one box was not delivered to the circuit clerk until the following day after the election.
(10) It was also alleged that the election was called by the board upon a former petition of electors for an election which was held to be void, and that no new petition had been filed with the board of supervisors.