LEE, C.J.,
for the Court:
¶ 1. Livingston Township LLC (Livingston) sought to have 47.2 acres at the intersection of Highway 463 and Highway 22 rezoned from commercial and agricultural zoning to a planned unit development imposed on a residential zone. Madison Citizens Against Rezoning, John W. Robinson III, and Nell Wade (collectively referred to as Citizens) opposed the rezoning. The Planning and Zoning Commission approved Livingston’s petition. The issue was appealed to the Madison County Board of Supervisors (the Board), which also approved the petition. Citizens appealed to the Madison County Circuit Court. The circuit court affirmed the Board’s ruling.
¶ 2. Citizens now appeals, arguing (1) the Board’s decision was arbitrary, capricious, and without a substantial evidentiary basis; (2) the Board violated Citizens’ due-process rights when it failed to follow the process required by the zoning ordinances; (3) Livingston lacks standing or a legal basis to seek rezoning; and (4) Livingston’s Master Development Plan fails to comply with statutory plat-alteration procedures and the Madison County Zoning Ordinances.
FACTS AND PROCEDURAL HISTORY
¶ 3. Livingston is a real-estate-development company seeking to build a planned unit development (PUD) on 47.2 acres located west of Highway 463 and south of Highway 22 in Madison County, Mississippi. In order to do so, Livingston requested to rezone and reclassify land that had been previously zoned for commercial properties and agriculture as a PUD imposed on an R-1B zoning district. A small portion of the 47.2 acres falls within the Mannsdale-Livingston Heritage Preservation District (MLHPD), whose purpose is to preserve the historical character of the area at the junction of Highway 463 and Highway 22, which was the location of the historic Livingston town site.
¶ 4. In early April 2009, Livingston submitted its application for rezoning to the County Zoning Administrator’s Office. This application included the legal descriptions of the properties and the related deeds and a summary of the building types and materials, architectural styles, landscape plantings and hardscape surfaces, streetscape aesthetics, and landscape design intent. Also included were two variance requests: the first, to allow an increase in the height of one building, and the second, to reduce the required setbacks and buffers between the properties and Highway 463 and Highway 22. Livingston submitted a map depicting the development concept and a diagram of the properties showing three residential areas totaling 15.26 acres and one commercial area totaling 31.94 acres.
¶ 5. A hearing was scheduled for June 11, 2009, before the Planning and Zoning Commission and the MLHPD Commission. Prior to the hearing, Livingston submitted a memo that adjusted certain buffers and recalculated the residential density — increasing the residential area from 15.26 *714 acres to 28.25 acres. Livingston included one diagram of the total PUD acreage and one diagram of the total greenspace acreage. Also included were revised legal descriptions of the properties.
¶ 6. At the hearing, the Planning and Zoning Commission and the MLHPD Commission approved Livingston’s request by a vote of three to one. Citizens appealed this decision to the Board. During this process, Livingston continued to amend its petition, adding its development plan and other supporting documents to address the issues previously raised by Madison County, the MLHPD Commission, and the Planning and Zoning Commission.
¶ 7. A public hearing was held on August 17, 2009, before the Board. The Board concluded Livingston had demonstrated by clear and convincing evidence that the request to rezone should be granted. But it denied all of Livingston’s requested variances. Because the variances were denied, the maps Livingston had submitted to the Board were inaccurate. At the September 8, 2009 Board meeting, Livingston submitted corrected maps to conform with the Board’s August 17, 2009 decision. The Board made a nunc pro tunc amendment to its minutes of the August 17, 2009 meeting to include the corrected maps.
¶ 8. Zoning Administrator Brad Sellers and Madison County Chancery Clerk Arthur Johnston notified the Board at its October 5, 2009 meeting that the August 17, 2009 minutes contained an error. Again, the Board amended the August 17, 2009 minutes through a nunc pro tunc amendment, adopting the revised Master Development Plan. The revised plan reflected the Board’s denial of the variances Livingston had originally requested.
¶ 9. On August 27, 2009, Citizens appealed the Board’s ruling to the Madison County Circuit Court. The circuit court affirmed the Board’s decision. This appeal followed.
STANDARD OF REVIEW
¶ 10. This Court will only set aside a zoning decision if the record clearly shows the decision “to be arbitrary, capricious, discriminatory, illegal!,] or without [a] substantial evidentiary basis.” Drews v. City of Hattiesburg, 904 So.2d 138, 140 (¶ 5) (Miss.2005). “Where the point at issue is ‘fairly debatable,’ we will not disturb the zoning authority’s action.” Id. Because the governing body’s decision carries a presumption of validity, “the burden of proof is on the party asserting its invalidity.” Id.
¶ 11. As for questions of law, the standard of review is de novo. Consol. Pipe & Supply Co. v. Colter, 735 So.2d 958, 961 (¶ 13) (Miss.1999).
DISCUSSION
I. EVIDENTIARY BASIS
¶ 12. For an applicant’s request for rezoning to be granted, he must prove by clear and convincing evidence either “(1) ... there was a mistake in the original zoning” or “(2) the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning.” Bridge v. Mayor & Bd. of Aldermen of Oxford, 995 So.2d 81, 83 (¶ 6) (Miss.2008) (citations omitted). Citizens contends that the record is devoid of evidence of any change in the neighborhood’s character or of a public need for these zoning changes.
¶ 13. The Mississippi Supreme Court has stated that “it is impossible to articulate or design a particular test for determining what is sufficient evidence to show a material change and a public need to support rezoning....” Town of Florence v. Sea Lands, Ltd., 759 So.2d 1221, *715 1227 (¶ 24) (Miss.2000). The Board is not bound to the evidence before it; instead, the Board members can also consider “their own common knowledge and the familiarity with the ordinance area. Furthermore, hearsay evidence may be admitted and considered by the Board in making its decision.” Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991) (citations omitted).
¶ 14. This Court has reversed a decision to rezone property when there were only “vague references” on which the board of supervisors relied. Cockrell v. Panola County Bd. of Supervisors, 950 So.2d 1086, 1094 (¶ 17) (Miss.Ct.App.2007). The Cockrell Court further noted that “there were no previous rezonings, statistics or mapped circumstances of growing change[,] and no quantification of any increases.” Id.
¶ 15. At the August 17, 2009 hearing before the Board, Livingston submitted much more than vague references to the change of the area. It provided evidence, including:
• a map showing nine rezonings — four of which were for PUDs;
• a position paper that included statistics of population growth rates, traffic counts, and the creation of the Reunion-Annandale Parkway;
• testimony regarding both public need and public interest; and
• testimony about the adjoining landowners’ support for the project.
¶ 16. Supervisor Karl M. Banks noted at the hearing:
[I]n my 25 years on this Board, I’ve seen a lot of change in this area.... [I]t’s not like we sit on this Board[,] and we don’t see the changes.... We do see the changes. I do believe personally that the nature of the neighborhood or the area has changed, but I do believe that what they intend to do is in keeping with what’s going on in the area, and that is the further development and growth in Madison County. At the same time, living close to the same area myself in Lake Caroline, I, for one, would love to see some convenient retail to us, also.
Supervisor Banks then moved for the petition to be accepted without the variances Livingston requested.
¶ 17. The circuit court echoed the Board’s holding, specifically noting that “the Bill of Exceptions provides sufficient proof that the Board considered such evidence as reasonable minds might accept as adequate to support a conclusion that the character of the subject property had changed to an extent to justify rezoning and that a public need therefor existed.”
¶ 18. The evidence before the Board, combined with Supervisor Banks’s comments, clearly shows that this issue is “fairly debatable.” The supreme court has stated: “ ‘Fairly debatable’ is the antithesis of arbitrary and capricious. If a decision is one which could be considered ‘fairly debatable,’ then it could not be considered arbitrary or capricious, although we continue to use both standards.” Saunders v. City of Jackson, 511 So.2d 902, 906 (Miss.1987). Under this standard, find no merit to this issue.
II. DUE-PROCESS RIGHTS
¶ 19. Citizens claims that it was not given a fair and reasonable amount of time prior to the August 17, 2009 hearing to consider the documents Livingston presented. It further asserts that the Board’s nunc pro tunc amendment to the August 17, 2009 minutes deprived it of the opportunity to be heard. Therefore, it argues its procedural due-process rights were violated.
*716 ¶ 20. In Thrash v. Mayor & Commissioners of Jackson, 498 So.2d 801, 808 (Miss.1986), the court stated that “the essence of the due[-]process rights, if any, [that are] guaranteed ... is reasonable advance notice of the substance of the rezoning proposal together with the opportunity to be heard at all critical stages of the process.”
¶ 21. Citizens was given sufficient notice of the rezoning request, including ample opportunity to review the original map and its subsequent revisions. It had every opportunity to be heard and voice its objections before the MLHPD Commission and the Planning and Zoning Commission. Additionally, Citizens had numerous opportunities to be heard at the August 17, 2009 hearing before the Board. As for the nunc pro tunc amendments, the due-process rights, if any, that attached to them were afforded at the August 17, 2009 hearing, where Citizens was given the opportunity to be heard. Citizens was not entitled to reargue those issues at the two subsequent Board meetings that simply amended the minutes with a corrected map and a revised Master Development Plan to reflect the Board’s actual August 17, 2009 ruling.
¶ 22. This issue is without merit.
III. STANDING
¶ 28. Citizens contends that since a PUD is a “subdivision” of land, Livingston does not have standing to subdivide the land, because it does not own the four parcels that comprise the 47.2 acres. Citizens not only fails to cite any law or ordinance that says a PUD is a “subdivision” of land, but it also failed to raise this issue before the Board. Citizens may not raise this issue for the first time on appeal. “We have repeatedly held that an appeal from a board of supervisors or city by a bill of exceptions ... is an appeal to an appellate court[,] and the circuit court [sitting as an appellate court] is bound by the record made before the board.” Thornton v. Wayne County Election Comm’n, 272 So.2d 298, 302 (Miss.1973).
¶ 24. This issue is without merit.
IV. PLAT-ALTERATION PROCEDURES AND COMPLIANCE WITH ZONING ORDINANCES
¶ 25. Citizens claims that Livingston’s Master Development Plan violated the mandatory plat-alteration procedures under Mississippi Code Annotated section 19-27-31 (Rev.2003). Also, Citizens contends that the plan does not meet the requirement of the Madison County Zoning Ordinances.
¶ 26. Although the actual plan was adopted into the August 17, 2009 minutes on October 5, 2009, the substance of the plan was at issue before the Board during the August 17, 2009 hearing. Citizens failed to raise these issues at the hearing and, therefore, is precluded from raising these issues on appeal. See First Investors Corp. v. Rayner, 738 So.2d 228, 239 (¶ 51) (Miss.1999) (“In Mississippi ‘an appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error.’ ” (quoting Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992))).
¶ 27. Citizens also claims the Master Development Plan does not reflect the Board’s August 17, 2009 decision. Yet Citizens fails to enunciate the inconsistencies between that decision and the plan. The Board considered the plan at its October 5, 2009 meeting, and after that consideration, it voted to amend the August 17, 2009 minutes to include the plan. There is no evidence in the record that the Board failed to compare the substance of the plan with its August 17, 2009 ruling. Further *717 more, Citizens bears the burden of showing that the Board was arbitrary or capricious in granting the amendment. See Drews, 904 So.2d at 140 (¶ 5). It has failed to do so.
¶ 28. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.