GRIFFIS, P.J.,
for the Court:
¶ 1. Maureen and Paul Speyerer appeal a rezoning decision by the Madison County Board of Supervisors. They claim that notice was not proper and the decision to rezone the property was arbitrary, capricious, discriminatory, and without a sub *773 stantial evidentiary basis. We find reversible error and render a judgment in favor of the Speyerers.
FACTS
¶ 2. The property in question is located in Madison County and is owned by the Minnie J. Bozeman Family Limited Partnership (“Bozeman”).
¶ 3. On February 26, 2010, Bozeman filed a petition to rezone and reclassify the property with the Madison County Board of Supervisors. Richard Skinner, Boze-man’s general partner, signed the petition. The petition asked the Board to rezone approximately seventeen acres of land from a special-use district (SU) to a commercial district (C — 1).
¶ 4. The Board referred the petition to the Madison County Planning and Zoning Commission. The Commission scheduled and held a hearing on April 8, 2010. The Commission approved the petition.
¶ 5. The Speyerers, who are neighboring homeowners, appealed the Commission’s decision to the Board. The Speyer-ers were joined by approximately thirty-seven other homeowners.
¶ 6. The Board held a hearing on June 7, 2010. Skinner spoke on behalf of Boze-man in support of the petition to rezone the property. Maureen Speyerer and other homeowners spoke in opposition. They argued against the need for new gas stations and fast-food restaurants; they presented crime statistics and argued that when there is an increase in gas stations and convenience stores, there is an increase in crime; and they indicated their willingness to withdraw their appeal in ah exchange for an agreement not to pursue the conditional uses listed for C-l in the zoning ordinance, which included fast-food restaurants, service stations, and convenience stores.
¶ 7. The Board approved the petition by a vote of four in favor and one opposed. The Board’s minutes read:
WHEREAS, the Board found, based on the submission of the applicant, that a change in the character of the neighborhood was evident and that there was a need for the change in zoning. The Board also found that [the] change in zoning was consistent with the County’s land use plan, adopted October 24, 2005, which was developed based on the changing character of the area; Supervisor Banks also stated that through his experience (driving through that area every[ ]day) and knowledge of the area, ... a change in the character of the area was self-evident. Moreover, board members also commented on the widening of Gluckstadt Road, which increased traffic capacity and lent the area to more commercial development[,] and that the change in zoning was consistent with the Planning and Zoning Board’s recommendation.
¶8. The Speyerers then appealed the Board’s decision to the Madison County Circuit Court. The circuit court held a hearing on October 22, 2012. The circuit court affirmed the Board’s decision. It is from this judgment that the Speyerers now appeal.
ANALYSIS

I. Whether the Board’s decision to grant the petition to rezone the property was arbitrary, capricious, discriminatory, illegal, or without a substantial evidentiary basis.

¶ 9. In the first issue, the Speyer-ers argue that the decision to rezone the property was not supported by substantial evidence.
¶ 10. We will reverse a zoning authority’s decision only if that decision *774 was arbitrary, capricious, discriminatory, illegal, or not supported by substantial evidence. City of Biloxi v. Hilbert, 597 So.2d 1276, 1280 (Miss.1992). Thus, if the zoning authority’s decision appears “fairly debatable,” the decision must be affirmed. Id. “ ‘Fairly debatable’ is the antithesis of arbitrary and capricious.” Saunders v. City of Jackson, 511 So.2d 902, 906 (Miss.1987). A board’s action carries a presumption of validity, and the appellants carry the burden of showing that the board’s action was arbitrary, capricious, discriminatory, illegal, or without a substantial evidentiary basis. Drews v. City of Hattiesburg, 904 So.2d 138, 140 (¶ 5) (Miss.2005).
¶ 11. The Mississippi Supreme Court has given the following direction about the evidence needed to support a rezoning decision:
The courts presume that comprehensive zoning ordinances adopted by municipal authorities are well planned and designed to be permanent. Before property is reclassified from one zone to another, there must be proof either, (1) that there was a mistake in the original zoning or, (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning. Furthermore, an applicant seeking rezoning must prove by clear and convincing evidence either (1) or (2) above.
Town of Florence v. Sea Lands, Ltd., 759 So.2d 1221, 1224 (¶ 11) (Miss.2000) (quoting Cloverleaf Mall, Ltd. v. Conerly, 387 So.2d 736, 740 (Miss.1980)).
¶ 12. Here, Bozeman did not argue that there was a mistake in the original zoning. Thus, to rezone the property, Bozeman must prove by clear and convincing evidence that “the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning.” Id. The Speyer-ers argue that the record is devoid of any evidence to support the Board’s decision.
¶ 13. In Town of Florence, the supreme court explained the minimum proof that must be provided to support a rezoning decision:
When a local governing board is presented a request to reclassify property from one zone to another, if there has been a change in the neighborhood and if there is a public need therefor, evidence to support it should not be difficult to produce. To support on appeal a reclassification of zones, the record at a minimum should contain a map showing the circumstances of the area, the changes in the neighborhood, statistics showing a public need, and such further matters of proof so that a rational, informed judgment may be famed as to what the governing board considered. Where there is no such proof in the record we must conclude there was neither change nor public need.
Id. at 1227 (¶ 22) (emphasis added) (quoting Bd. of Aldermen v. Conerly, 509 So.2d 877 (Miss.1987)).
¶ 14. Recently, this Court considered the appeal of a rezoning decision made by the Board. Madison Citizens Against Rezoning v. Madison Cnty. Bd. of Sup’rs, 101 So.3d 711 (Miss.Ct.App.2012). There, we held that “[i]t is impossible to articulate or design a particular test for determining what is sufficient evidence to show a material change and a public need to support rezoning....” Id. at 714-15 (¶ 13) (quoting Town of Florence, 759 So.2d at 1227 (¶ 24)). We also stated that boards are not bound by just the evidence before them; rather, they can consider “their own common knowledge and the familiarity with the ordinance area. Furthermore, hearsay evidence may be admitted and considered by the Board in making its decision.” Id. at 715 (¶ 13) (quoting *775 Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991)).
¶ 15. In Madison Citizens, at the hearing before that Board, significantly more evidence was presented:
[A] map showing nine rezonings — four of which were for PUDs [ (planned unit developments) ]; a position paper that included statistics of population growth rates, traffic counts, and the creation of the Reunion — Annandale Parkway; testimony regarding both public need and public interest; and testimony about the adjoining landowners’ support for the project.
Id. at (¶ 15). The Board approved the rezoning. The circuit court and this Court affirmed the decision.
¶ 16. Here, Bozeman’s petition offered four reasons to support the need for rezoning:
1. Subject property is on the county land[-]use map as C[-]l;
2. The flood way and/or flood plain [ajffects the property in such a way that the highest and best use would be C[-]l;
3. Gluckstadt Road reconstruction is to be a three[-]lane curb and gutter road[,] along with a signalized intersection on the property corner;
4. Location of Entergy substation and transmission line being adjacent to the property.
Skinner appeared at the hearing on behalf of Bozeman. Also, one supervisor stated that “through his experience (driving through that area every[ ]day) and knowledge of the area, ... a change in the character of the area was self-evident.” Other Board members commented on the increase in traffic due to the widening of Gluckstadt Road, which was more conducive to commercial development.
¶ 17. The supreme court has set for the minimum level of evidence that is necessary to support a rezoning decision. Town of Florence, 759 So.2d at 1227 (¶ 22). Specifically, the court in Town of Florence held that “the record at a minimum should contain a map showing the circumstances of the area, the changes in the neighborhood, statistics showing a public need, and such further matters of proof so that a rational, informed judgment may be formed as to what the governing board considered.” Id. The record does not include any evidence that would show a change in the character of the neighborhood. There was no evidence of when the property was initially zoned. The land-use map was not included in the record. Without physical evidence to support a change in the character of the neighborhood and a public need for rezoning, mere comments from the petitioner and individual Board members are not enough.
¶ 18. Here, although the Board’s action carries a presumption of validity, there must be sufficient evidence to conclude that the rezoning decision was fairly debatable. We conclude that such minimum evidence was not included in the record. Therefore, because there is no such proof in the record, we must conclude there was neither change nor public need. See id. at 1227 (¶ 24). We reverse and render the Board’s decision to rezone the property.

II. Whether the Speyerers were given adequate notice.

¶ 19. The Speyerers also argue that the actions of the Commission and Board did not comply with the notice requirement in the zoning ordinance for changes. Since we have reversed and rendered on other grounds, this issue is moot.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS REVERSED AND REN *776 DERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE ■ WRITTEN OPINION. CARLTON, J., NOT PARTICIPATING.